THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL SMITH, Appellant.

Second Department, December 5, 1988

## APPEARANCES OF COUNSEL

*Philip L. Weinstein (Andrea Hirsch* of counsel), for appellant.

*Elizabeth Holtzman, District Attorney (Barbara D. Underwood* and *Andrew J. Frisch* of counsel), for respondent.

**OPINION OF THE COURT**

BRACKEN, J. P.

In *People v Seaberg* (139 AD2d 53, *lv granted* 72 NY2d 1049), this court recently recognized the validity of a waiver by a defendant in a criminal case of his right to appeal. In two cases decided shortly after *People v Seaberg,* the Appellate Division, First Department, refused to give effect to similar waivers *(People v Bourne,* 139 AD2d 210; *People v Ventura,* 139 AD2d 196). The present appeals provide us with the opportunity to remove whatever doubt these decisions may have cast upon the continued validity of our holding in the *Seaberg* case, which we now reaffirm.

In the present case, the defendant was sentenced pursuant to negotiated plea bargains. It is beyond dispute that one of the terms of those bargains consisted of the defendant's waiver of his right to appeal, and that this waiver was made knowingly and voluntarily. In violation of his agreement not to do so, the defendant has appealed to this court for the sole purpose of arguing that the sentences imposed upon him were unduly harsh and excessive *(cf., People v Bourne, supra).*

The general rule is one of simple logic: there is no reason why a litigant in a civil or criminal case should be precluded from intelligently waiving a substantive or procedural right which exists in his favor in order to induce his opponent to make certain concessions in return. If there is no constitutional, statutory or public policy mandate prohibiting it, an accused may waive any right which he may enjoy *(see, Schick v United States,* 195 US 65).

In *People v Bourne (supra),* a divided panel of the First Department departed from this general rule, and held that a defendant may not waive his right to appeal from the sentence imposed upon him as part of a plea bargain. The court in *Bourne (supra)* cited no constitutional or statutory provision and no binding precedent as support for the proposition that a defendant may not effectively waive his right to appeal to the Appellate Division from the sentence imposed upon him. The binding precedent furnished by the decisions of the Court of Appeals *(see, People v Williams,* 36 NY2d 829 [upholding the waiver of a defendant's right to seek review of a pretrial suppression ruling which otherwise would have been reviewable on an appeal from a judgment of conviction]; *see also, People v Esajerre,* 35 NY2d 463), however, supports the conclusion reached by this court in the *Seaberg* case, namely, that

the right to appeal from judgments of conviction in criminal cases may be waived.

Several decisions of the Court of Appeals also contain dicta which clearly indicate that a defendant may waive appellate review not only of pretrial rulings *(People v Williams, supra; see also, People v Coles,* 62 NY2d 908, 910) but of other issues as well, including the propriety of the sentence. In *People v Melton* (35 NY2d 327, 329), the court stated that "[b]y pleading guilty * * * [a defendant] evinces, prima facie, an intention to forego appellate review of his conviction" (citing *People v Lynn,* 28 NY2d 196, 202). This statement would be meaningless if appellate review of a criminal conviction were something which one could not forego. Similarly, in *People v Thompson* (60 NY2d 513, 520 [holding that the Appellate Division may modify a bargained-for sentence without allowing the People to withdraw their consent to the plea]), the court stated that "[t]he defendant did not expressly waive this right to appellate review [of the sentence imposed] at the time he pleaded guilty". Again, this statement would be meaningless if we were to accept as true the proposition that an express waiver of the right to appeal from a sentence has no effect.

The decision in the *Bourne* case *(supra)* may find support in the case law of a minority of other jurisdictions, but the courts of most States hold that the right to appeal may be waived *(see, State v Perkins,* 108 Wash 2d 212, 737 P2d 250; *State v Gibson,* 68 NJ 499, 348 A2d 769; *State v Dover,* 114 Ariz 141, 559 P2d 697; *People v Nichols,* 143 Ill App 3d 673, 493 NE2d 677; *State v McKinney,* 406 So 2d 160 [La]; *People v Charles,* 171 Cal App 3d 552, 217 Cal Rptr 402; *Ferina v State,* 742 SW2d 215 [Mo]; *Gwin v State,* 456 So 2d 845 [Ala]; *Staton v Warden,* 175 Conn 328, 398 A2d 1176; *Barlow v Lopes,* 201 Conn 103, 513 A2d 132; *see also,* Annotation, *Plea Agreement —Waiver of Right to Appeal,* 89 ALR3d 864).

The rule of nonwaivability announced in the *Bourne* case *(supra)* creates several logical difficulties. We begin with a statement of the obvious, namely, that the prosecution never has a duty to plea bargain. The prosecution may, in any particular case, or in every case, unconditionally refuse to engage in plea bargain negotiations altogether, and it has the absolute right to offer only those plea bargains which it deems advantageous, just as a defendant will accept only those offers that he deems advantageous to himself. It is this "mutuality of advantage" which accounts for the prevalence of plea

bargains in American courts *(see, Brady v United States,* 397 US 742, 752). If the prosecution may unconditionally refuse to plea bargain at all, it follows that it may plea bargain only under such conditions as it deems appropriate, provided, of course, that the terms of the conditions imposed do not require a party to the bargain to act in a manner contrary to law *(see, e.g., People v Miller,* 79 AD2d 687, 688 ["reasonable" conditions may be attached to a plea bargain]). Since it is clearly not illegal for a convicted criminal to refrain from appealing, we see no basis for holding that a defendant may not be required to waive his right to appeal in return for a measure of clemency which might otherwise not be vouchsafed to him.

Additionally, it is clear that a defendant who neglects to file a timely notice of appeal and who also neglects to seek an extension of time within which to do so, may, under certain circumstances, forfeit his right to appeal *(see generally,* CPL 460.10 [a]; 460.30; *People v Montgomery,* 24 NY2d 130; *People v Thomas,* 47 NY2d 37, 43 [courts lack power to modify statutory time limitations for taking appeals]; *People v Corso,* 40 NY2d 578, 580-581; *People v McDonough,* 87 AD2d 727). A defendant may also forfeit his right to appeal by absconding *(see, e.g., People v Barnes,* 143 AD2d 837; *People v Southerland,* 136 AD2d 662; *People v Flemming,* 104 AD2d 1048).

Furthermore, it is anomalous to suggest that the right to appellate review of a sentencing determination is nonwaivable, even though other rights of greater importance may be waived. The right to a trial by jury, for example, which has been considered to be the most fundamental of all rights reserved to the criminal defendant *(see, People ex rel. Rohrlich v Follette,* 20 NY2d 297, 301; *People v Davidson,* 136 AD2d 66, 69) may be waived by virtue of a plea of guilty. As a bulwark against oppressive conduct by the State and as a central procedural safeguard designed for the protection of the innocent, the ancient right to trial by jury must be considered more basic than the right to appellate review. The right to a trial by jury in a criminal case is one which is implicit in the constitutionally protected right to due process of law (US Const 14th Amend; NY Const, art I, § 6; *Duncan v Louisiana,* 391 US 145), whereas the right to appellate review is not *(see, Jones v Barnes,* 463 US 745, 751 [no Federal constitutional right to appeal]). The right to a jury trial is a right secured to citizens who are presumptively innocent of any crime, while

the right to appellate review exists in favor of citizens who have been found or have pleaded guilty. The notion that the right to appeal one's sentence may not be waived, and should be accorded greater sanctity than constitutionally protected due process rights, such as the right to a jury trial which may be waived, is ill-conceived. "The reasoning of those courts which invalidate pleas conditioned on defendant's agreement to waive his appeal right seems curiously at odds with the widely-accepted theoretical underpinnings of the plea bargaining system. While the right to appeal is an important right, it is no more fundamental than the right to a jury trial or the privilege against self-incrimination. Yet almost all courts have agreed that defendants can waive those rights by pleading guilty" (Bond, Plea Bargaining and Guilty Pleas § 5.14, at 5-29 [2d ed 1983], quoted and cited with approval in *State v Perkins,* 108 Wash 2d 212, 217, 737 P2d 250, 252, *supra).*

Further, the isolating of what could be viewed as the single issue (excessiveness of sentence) which of all the various legal questions which may be raised in a criminal appeal is, in general, the least likely to have any merit, and then conferring upon that single issue a special significance not given to others is also difficult to accept. This is so, particularly since the Court of Appeals has in the past isolated the very same issue as one which is presumptively less meritorious than others in determining whether a defendant has forfeited his right to appeal *(see, People v Corso,* 40 NY2d 578, *supra; People v Melton,* 35 NY2d 327, *supra* [holding that a defendant is not entitled to file a late notice of appeal pursuant to *People v Montgomery, supra,* where the sole issue proposed to be raised on appeal relates to the excessiveness of the sentence imposed]).

From a purely pragmatic point of view, we also do not see how the rule announced by the *Bourne* court will benefit the State, the courts, or the accused. As a matter of common sense, it may be presumed that, in general, any given prosecutorial authority will be more inclined to offer advantageous plea bargains to those defendants who are actually willing to waive their right to appellate review, than to those defendants who are not so willing. This much should be clear, since by obviating appellate review, the People save whatever resources they would otherwise have to devote to the appellate process, and also lessen the possibility that a presumably guilty criminal will evade the punishment deserved. There is no reason to preclude the People from extending a reward, in

the form of a sentencing concession, to those defendants who are willing to waive their right to appeal. The refusal to recognize the validity of such waivers would eliminate the distinction which now exists between those defendants who are consciously willing to waive their right to appellate review and those defendants who are not, so that the prosecution would no longer have any incentive to offer beneficial concessions to those defendants who would have been willing to waive their right to appeal in return for more lenient treatment.

In short, if appellate courts refuse to hold defendants to their promises not to appeal, even when such promises are made as part of plea bargains, then it is only natural to expect that the prosecution will curtail those instances where it will agree to extend whatever degree of leniency such promises, if given effect, would otherwise have been capable of inducing. Aside from representing novel, and we believe ill-founded law, the rule of nonwaivability announced in the *Bourne* case is questionable from a pragmatic standpoint as well.

Furthermore, we believe that the doctrine of stare decisis alone warrants rejection by this Department of the approach taken by the Appellate Division, First Department, in *People v Bourne* (139 AD2d 210, *supra*). This court has repeatedly recognized the validity of waivers of the right to appeal and has recognized that the scope of such waivers extends to all issues, including the propriety of the sentence imposed *(see, People v Seaberg,* 139 AD2d 53, *supra; see also, People v Llorente,* 142 AD2d 737 [2d Dept]; *People v Perdomo,* 137 AD2d 769; *People v Claussell,* 137 AD2d 830; *People v Ocana,* 135 AD2d 743; *People v Davison,* 108 AD2d 820, 821; *see also, People v Smith,* 141 AD2d 988 [3d Dept]; *People v Lester,* 137 AD2d 871 [3d Dept]; *People v Harvey,* 124 AD2d 943 [3d Dept]; *People v Durant,* 101 AD2d 1008 [4th Dept]). We also note that, since the First Department's decision in *Bourne (supra),* the Appellate Division, Third Department, has adhered to its precedent, which is in accordance with our own *(see, People v Maye,* 143 AD2d 483).

It is apparent that the *Bourne* decision is premised on the view that " 'defendants have no practical alternative to accepting the plea bargain proposed by prosecutors' " *(People v Ventura, supra,* at 206, citing *People v Gottfried,* 94 AD2d 632, 634 [Sandler, J., concurring]), so that any attempt by the prosecution to exact a waiver of the right to appeal in return

for a plea bargain is "autocratic" *(People v Ventura, supra,* at 203) and illegally "coercive" *(People v Ventura, supra,* at 205). However, the basic premise that "defendants have no practical alternative to accepting the plea bargain" is sound only to the extent that it relates to those defendants who are, in fact, guilty as charged, and whose guilt the People will in all likelihood be able to prove. We see nothing coercive about leaving it to the defendant, under those circumstances, to choose either to accept the sentence bargain offered by the People without appellate review, or to suffer the possibility of more severe punishment meted out by the court, but subject to appellate review. Provided that the choice is made knowingly and intelligently and with an understanding of its consequences, it is no more the product of "coercion" than the standard plea bargain.

In conclusion, we adhere to our holding that a defendant may waive his right to appeal *(People v Seaberg, supra).* The scope of such waivers, unless limited by their terms, extends to all issues which could ordinarily be raised on appeal, including those relating to the sentence. "We do not share the view that there is an affirmative public policy to be served in fostering appeals, whether civil or criminal" *(State v Gibson,* 68 NJ 499, 511, 348 A2d 769, 775, *supra).* The defendant in the present case received a benefit, in the form of sentencing concessions, which he presumably would not have received had he insisted on his right to appellate review. Nothing less than a basic sense of fairness requires that, the defendant having already accepted the benefit of his bargains, the People should now receive the benefit of theirs.

The defendant's appeals are accordingly dismissed.

LAWRENCE, SPATT and HARWOOD, JJ., concur.

Ordered that the appeals from two sentences of the Supreme Court, Kings County, both imposed December 2, 1985, are dismissed.