■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND E. BENNETT, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered November 14, 1988, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the third degree.

On September 6, 1988, this 27-year-old defendant was indicted on four counts, namely, criminal possession of stolen property in the third and fourth degrees, criminal possession of a weapon in the third degree and grand larceny in the fourth degree. Pursuant to a negotiated plea bargain, defendant pleaded guilty to criminal possession of stolen property in the third degree (possession of a 1988 Dodge truck which he had stolen in Florida) in full satisfaction of the indictment. He was sentenced to 2½ to 5 years in prison as a second felony offender. Although the plea included a waiver of his right to appeal, defendant contends on this appeal that the sentence is unduly harsh and excessive.

We are once again confronted with an appeal by a defendant, who, despite having made a voluntary, knowing and intelligent waiver of his right to appeal with the advice of competent counsel, contends that his sentence is harsh and excessive and seeks reduction in the interest of justice. The prosecution urges that we uphold the waiver and dismiss this appeal.

There have been differences in the findings of the four Appellate Divisions with respect to the validity of waivers of the right to appeal *(see, e.g., People v Bourne,* 139 AD2d 210; *People v Ventura,* 139 AD2d 196 [1st Dept]; *People v Smith,* 142 AD2d 195 [2d Dept]; *People v Maye,* 143 AD2d 483 [3d

Dept]; *People v Durant,* 101 AD2d 1008 [4th Dept]). It is now clear that the right to appeal a criminal conviction may be waived as a condition of a sentence or plea bargain *(People v Seaberg,* 74 NY2d 1, 5). While a defendant always retains the right to challenge the legality of the sentence or the voluntariness of the plea, there is no public policy precluding defendants from waiving the right to appeal as a condition of the plea and sentence bargain. If a record shows that the waiver is voluntary, knowing and intelligent and the trial court has found the bargain reasonable and appropriate before accepting it, the waiver is valid *(People v Seaberg, supra).* The record in this case confirms that all of the criteria have been satisfied and, accordingly, the waiver should be enforced and the appeal dismissed.

Appeal dismissed. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.