■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN M. MOISSETT, JR., Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee,

J.), rendered June 29, 1987, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

After extensive negotiations, defendant entered a guilty plea to manslaughter in the first degree in satisfaction of a Grand Jury indictment charging him with murder in the second degree and manslaughter in the first degree. The indictment alleged that defendant engaged "in conduct to include but not limited to biting, striking, and compressing the neck" of the victim, a 15-month-old boy, resulting in the victim's death. Defendant was sentenced in accordance with the plea agreement to 8⅓ to 25 years' imprisonment. As a part of the plea agreement defendant waived his right to appeal this conviction.

On appeal defendant contends that the waiver of his right to appeal should be vacated because the waiver was not knowingly, voluntarily and intelligently made and the prosecution failed to demonstrate that there was any legitimate purpose to be gained by obtaining the waiver. Defendant next argues that the sentence imposed was excessive and should be reduced in the interest of justice.

The appeal should be dismissed. The record indicates that defendant knowingly, voluntarily and intelligently waived his right to appeal as a part of the plea negotiations *(see, People v Seaberg,* 74 NY2d 1, 11). "By pleading guilty a defendant forecloses the appellate court from reviewing the merits of the plea bargain in the interest of justice and there is nothing inherently wrong in a defendant similarly electing to foreclose review of a negotiated sentence" *(supra,* at 10).

"While a defendant always retains the right to challenge the legality of the sentence or the voluntariness of the plea * * * the negotiating process serves little purpose if the terms of 'a carefully orchestrated bargain' can subsequently be challenged * * *. Moreover, the People need not particularize 'some legitimate State interest' to justify conditioning a plea bargain on defendant's waiver of the right to appeal * * *. The validity of the waiver is supported by the interests supporting plea bargains generally" *(supra,* at 10). Accordingly, the waiver of the right to appeal precludes review of the sentence.

Appeal dismissed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.