■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

SHIRLEY ROSADO, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered April 27, 1989, convicting her of vehicular manslaughter in the second degree and driving while intoxicated, upon her plea of guilty, and sentencing her to an indeterminate term of 2 to 6 years' imprisonment for vehicular manslaughter in the second degree, to run concurrently to the determinate term of six months' imprisonment for driving while intoxicated, and payment of a $100 fine and stated surcharges.

Ordered that the judgment is modified, on the law, by vacating so much of the sentence as imposed a $100 fine upon the conviction for driving while intoxicated; as so modified, the judgment is affirmed.

While driving her vehicle in an intoxicated condition, the defendant struck and killed a cyclist on a Suffolk County roadway and was thereafter convicted of driving while intoxicated (Vehicle and Traffic Law § 1192 [2]) and vehicular manslaughter in the second degree (Penal Law § 125.12). We agree with the defendant that the court erred in imposing a fine upon her conviction of driving while intoxicated. Because that offense is a material element of vehicular manslaughter in the second degree and the court had imposed a sentence of imprisonment for vehicular manslaughter in the second degree, it was a violation of Penal Law § 80.15 to impose a fine upon the conviction of driving while intoxicated. We therefore modify the sentence by vacating the fine (see, People v Magistro, 156 AD2d 1029; People v Bakos, 149 AD2d 906).

However, contrary to the defendant's further contention, we do not find that the 2-to-6-year term of imprisonment imposed upon the conviction for vehicular manslaughter in the second degree was harsh or excessive under the circumstances of this case (see, People v Suitte, 90 AD2d 80). Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.