■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CRUM, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered November 13, 1989, convicting him of burglary in the third degree under Indictment No. 4392/89, upon a jury verdict, and imposing sentence, and (2), as limited by his brief, from a sentence of the same court, also imposed November 13, 1989, upon his conviction of attempted burglary in the second degree under Indictment No. 3820/89, upon his plea of guilty.

Ordered that the judgment and sentence are affirmed.

As the defendant failed to object to either the court's original or supplemental charge on burglary in the third degree, his claim that the trial court's charge was improper is unpreserved for appellate review *(see, People v Bynum,* 70 NY2d 858; *People v Santana,* 172 AD2d 299). In view of the overwhelming evidence of defendant's guilt we decline to reach his contention in the exercise of our interest of justice jurisdiction.

The defendant also contends that he did not waive his right to appeal his sentence on the charge of attempted burglary in the second degree, for which he pleaded guilty, by waiving his right to appeal any issues raised by the plea proceeding. "A waiver, to be enforceable, must not only be voluntary but also knowing and intelligent" *(People v Seaberg,* 74 NY2d 1, 11; *see, People v Bray,* 154 AD2d 692). Since the defendant did not expressly waive the right to appeal his sentence on the plea, nor was this issue mentioned at his plea hearing, we find that his right to appeal the sentence was not waived *(see, People v Seaberg, supra,* at 7; *People v Thompson,* 60 NY2d 513, 520). However, we find the sentences imposed to be neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.