■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD HALL, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered June 13, 1990, convicting him of aggravated unlicensed operation of a motor vehicle in the first degree and operating a motor vehicle while under the influence of alcohol, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the fine of $500 imposed upon the defendant's conviction of operating a motor vehicle while under the influence of alcohol; as so modified, the judgment is affirmed.

On April 30, 1990, the defendant pleaded guilty to the crimes of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]) and operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [3]). This plea was conditioned on the defendant's waiving his right to appeal.

On May 30, 1990, the defendant made an oral motion to withdraw his plea, citing, *inter alia,* the fact that during his plea allocution, he had at one point claimed not to have been intoxicated at the time of his unlicensed operation of his vehicle. Noting that the defendant, during his allocution, had ultimately admitted having been intoxicated, the court denied this motion.

On June 13, 1990, the defendant was sentenced to an indeterminate term of one to three years imprisonment on the charge of aggravated unlicensed operation of a motor vehicle in the first degree, to run concurrently with a definite term of one year imprisonment on the charge of operating a motor vehicle while under the influence of alcohol. The defendant was also ordered to pay fines totalling $1,000 ($500 for each offense). At the time of sentence neither the court, nor defense counsel, nor the prosecutor raised or suggested any doubt as to the legality of the sentence. This appeal followed.

The defendant's waiver of his right to appeal was unquestionably valid *(see, People v Moissett,* 76 NY2d 909; *People v Seaberg,* 74 NY2d 1). In light of this waiver, we do not review the defendant's claim that his oral motion to withdraw his plea should have been granted *(see, People v Stephens,* 175

AD2d 272), or the defendant's claim that his sentence is unduly harsh.

However, the defendant's claim that the imposition of two separate fines was contrary to statute *(see,* Penal Law § 80.15) must be reviewed on appeal, notwithstanding the fact that the defendant voluntarily agreed to forego review *(see, People v Seaberg, supra,* at 9-10; *People v Mitchell,* 166 AD2d 892). Since the People concede that the imposition of two fines was unauthorized by statute *(see, People v Magistro,* 156 AD2d 1029; *see also, People v Rosado,* 168 AD2d 579), one of the two fines must be vacated. The sentence is modified accordingly. Bracken, J. P., Harwood, Eiber and Rosenblatt, JJ., concur.