■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WINKEL, Appellant.—Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Nassau County (Goodman, J.), imposed November 30, 1989, upon his conviction of criminal sale of a controlled substance in the second degree, upon his plea of guilty.

Ordered that the appeal is dismissed.

The defendant contends that his sentence was excessive. The People argue that the defendant should be precluded from raising this argument because he waived his right to appeal the conviction and sentence as a condition of his guilty plea. We conclude that, upon this record, the defendant's waiver of his right to appeal was effective and therefore, that this appeal should be dismissed. The record reveals that the prosecutor made it very clear upon the record that the defendant's plea was conditioned upon his waiving "any and all rights he may have to appeal his conviction or sentence" *(see, People v Moissett,* 76 NY2d 909; *People v Seaberg,* 74 NY2d 1; *cf., People v Bray,* 154 AD2d 692, 693). In the presence of the defendant, the defense counsel stated that he understood this condition and that he and the defendant accepted it. Thompson, J. P., Sullivan, Harwood, Miller and O'Brien, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDA WOODARD, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Giaccio, J.), both rendered January 18, 1990, convicting her of criminal sale of a controlled substance in the third degree (two counts; one under each indictment), upon her pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., Lawrence, Rosenblatt and Copertino, JJ., concur.