■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ROBERT HENRY, Appellant.—Appeal by the defendant from an amended sentence of the County Court, Suffolk County (Hurley, J.), rendered May 24, 1990, revoking a sentence of conditional discharge imposed by the same court, upon a finding that he violated a condition thereof, upon his plea of guilty, and imposing a sentence of (1) five years probation, with a determinate term of four months imprisonment as a condition thereof and running concurrently therewith, and participation in a STOP program and a $500 fine as additional conditions thereof, upon his previous conviction of operating a motor vehicle while under the influence of alcohol as a felony, and (2) a concurrent determinate term of 30 days imprisonment, plus an additional $500 fine upon his previous conviction of aggravated unlicensed operation of a motor vehicle in the second degree.

Ordered that the amended sentence is modified, on the law, by vacating the fine imposed upon the defendant's conviction of aggravated unlicensed operation of a motor vehicle in the second degree; as so modified, the amended sentence is affirmed.

The record establishes that the defendant, in the presence of competent counsel, made a knowing and voluntary admission that he had violated the conditions of his original sentence (see, People v Harris, 61 NY2d 9). His claim that the court did not give him an adequate opportunity to be heard in connection with the alleged violation is unpreserved for appellate review (see, People v Mackey, 77 NY2d 846; People v Pellegrino, 60 NY2d 636). In any event, the record demonstrates that the defendant was given an opportunity to be heard in accordance with the statutory provision governing such hearings (CPL 410.70). However, the imposition of two separate fines was contrary to the provisions of Penal Law § 80.15 applicable at the time of sentencing (see, L 1965, ch 1030), and must be reviewed on appeal even though the defendant did not raise this claim in the court of first instance (see, People v Hall, 176 AD2d 960). Mangano, P. J., Sullivan, O'Brien and Ritter, JJ., concur.