THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BURK, Appellant.

Second Department, July 6, 1992

## APPEARANCES OF COUNSEL

*Philip L. Weinstein (David P. Greenberg* of counsel; *Judith Stern* on the brief), for appellant.

*Richard A. Brown, District Attorney (Andrew Zwerling of counsel; Nora A. Colangelo* on the brief), for respondent.

**OPINION OF THE COURT**

BALLETTA, J.

In *People v Seaberg* (74 NY2d 1), the Court of Appeals held that a criminal defendant's right to appeal may be waived as a condition of a sentence or negotiated plea, provided that the waiver was voluntary, knowing, and intelligent. In the case at bar, the defendant negotiated a plea agreement which included the promise of a specific sentence and an agreement by the defendant to waive his right to appeal. In urging this court to undertake a review of the purported excessiveness of the sentence, the defendant contends that his waiver did not encompass the agreed-upon sentence. We disagree. Where the promise of a particular sentence is part and parcel of the negotiated plea agreement, then a defendant's generalized waiver of his right to appeal will necessarily include the right to challenge the sentence.

I

The defendant herein was charged under Queens County indictment No. 3087/88 with two counts of murder in the second degree, one count of manslaughter in the first degree and one count of criminal possession of a weapon in the fourth degree. The charges arose out of the May 7, 1988, stabbing death of Ross Lambert. Following a *Huntley* hearing, the court denied that branch of the defendant's omnibus motion which was to suppress his confession. Subsequently, the defendant's attorney made an application on behalf of the defendant to enter a plea of guilty to the crime of manslaughter in the first degree in full satisfaction of the indictment:

"[DEFENSE COUNSEL]: This is an application made on behalf of the Defendant before the Court under indictment 3087 of '88 to withdraw his previous plea of not guilty heretofore entered and enter a plea of guilty to the third count of the indictment, manslaughter in the first degree, with the understanding that the District Attorney move to dismiss the first two counts.

"That is taking in consideration of the conversation had with your Honor and negotiations had with the District Attorney. That defendant will be sentenced to a sentence of [an]

indeterminate period of eight and a third to sixteen and two-thirds [years].

"[THE PROSECUTOR]: And with a waiver of any rights' he may have to appeal the plea or the hearings held in this matter.

"THE COURT: I normally insist on that on the price of my plea agreement. Now, Mr. Burk, have you understood what [defense counsel] has just told me?

"THE DEFENDANT: Yes.

"THE COURT: Any questions in your mind about it?

"THE DEFENDANT: No, sir.

"THE COURT: Let me just tell you, the consequences of my allowing you to change your plea from not guilty to guilty to manslaughter in the first degree in satisfaction of all four counts in indictment 3087 of '88 means that you will never have a trial with respect to any of those issues, do you understand?

"THE DEFENDANT: Yes, sir.

"THE COURT: It means that you are waiving your right to a number of things. One of them is to have a jury trial with respect to these issues. The second is that you are waiving your right to any kind of appeal [of] issues that might have existed in this case from the time of your arrest up to the present. Do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: You waive your appeal rights?

"THE DEFENDANT: Yes, sir."

The defendant acknowledged that no one had forced or threatened him into pleading guilty. He further acknowledged that he had discussed the case with his family and his attorney and that after these discussions, he had concluded that the plea was in his best interests. The court noted that the defendant was not receiving the possible maximum of 25 years imprisonment and that a predicate felony statement was to be filed at the time of sentencing.

The court then asked the defendant to recount the events of May 7, 1988. The defendant explained that during a fight at the Viscount Hotel near Kennedy Airport, Ross Lambert pulled out a knife which the defendant was able to take away and with which he stabbed Lambert "numerous times". Lambert had no other weapons. The defendant knew that he was causing Lambert serious physical injury when he was stabbing him with the knife.

The court accepted the defendant's plea of guilty with the understanding that the sentence would be an indeterminate term of 8⅓ to 16⅔ years' imprisonment.

At the time of sentencing, the defendant was adjudicated a second felony offender and sentenced to the promised term. After the court imposed the sentence, the clerk of the court verbally informed the defendant of his right to appeal. When the clerk attempted to hand him a written copy of such notice, the following discussion ensued:

"[DEFENSE COUNSEL]: We waive his notice of appeal.

"[THE PROSECUTOR]: As far as rights to appeal, part of the plea bargain is he waive his rights to appeal.

"[DEFENSE COUNSEL]: I said that".

## II

On appeal, the defendant argues that although he responded in the affirmative during the plea hearing when asked whether he understood that he was waiving his "right to any kind of appeal [of] issues that might have existed in this case from the time of [his] arrest up to the present", such a waiver was limited to matters addressed at the plea hearing and did not include a waiver of his right to appeal from his sentence. In addition, he argues that his attorney's statement at sentencing that he was "waiv[ing] his notice of appeal" cannot be interpreted as a knowing and intelligent waiver of his right to appeal his sentence. The defendant relies heavily upon the recent decision of this court in *People v Russell* (168 AD2d 580).

The People argue that the sentence was an essential element of the plea bargaining process, that its terms and the defendant's acceptance of those terms were stated on the record during the plea hearing and, therefore, that any issue with respect to that sentence should be within the scope of the defendant's waiver of his right to appeal. The People also argue that this court's holding in *People v Russell (supra)* is apparently contrary to the decisions of the Court of Appeals in *People v Seaberg* (74 NY2d 1, *supra)* and in *People v Moissett* (76 NY2d 909).

In *People v Russell (supra,* at 580-581), this court held that a defendant had not waived his right to challenge the purported excessiveness of his sentence under the following circumstances: "At a court appearance, during which the defendant

and his attorney negotiated the terms relative to the disposition of the case, the defendant told the court that as a condition of his guilty plea, he would waive 'all rights of appeal as to what * * * happened here this morning'. Under the standards enunciated in *People v Seaberg* (74 NY2d 1), we find that the defendant's 'waiver' did not extend to his right to appeal the alleged excessiveness of his sentence, which was imposed some three weeks later".

A more recent case in the *Russell* vein which is not cited by the defendant but which supports his argument is *People v Crum* (175 AD2d 136, 137) wherein this court stated: "The defendant also contends that he did not waive his right to appeal his sentence on the charge of attempted burglary in the second degree, for which he pleaded guilty, by waiving his right to appeal any issues raised by the plea proceeding. 'A waiver, to be enforceable, must not only be voluntary but also knowing and intelligent' *(People v Seaberg,* 74 NY2d 1, 11; *see, People v Bray,* 154 AD2d 692). Since the defendant did not expressly waive the right to appeal his sentence on the plea, nor was this issue mentioned at his plea hearing, we find that his right to appeal the sentence was not waived *(see, People v Seaberg, supra,* at 7; *People v Thompson,* 60 NY2d 513, 520)".

However, it is now firmly established that a defendant may waive the right to appeal a judgment of conviction or a sentence as a condition of a plea agreement; and that as long as the waiver is voluntary, knowing, and intelligent, and the agreement reasonable and appropriate, the waiver is valid *(see, People v Seaberg, supra,* at 11). Furthermore, in the words of the Court of Appeals, *"the State's legitimate interest in finality extends to the sentence itself and to holding defendants to bargains they have made.* While a defendant always retains the right to challenge the legality of the sentence or the voluntariness of the plea * * * the negotiating process serves little purpose if the terms of 'a carefully orchestrated bargain' can subsequently be challenged" *(People v Seaberg, supra,* at 10 [emphasis added]). A defendant's decision to waive his right of appeal does not interfere with this court's interest of justice jurisdiction as "it is simply a decision not to invoke the court's review power. By pleading guilty a defendant forecloses the appellate court from reviewing the merits of the plea bargain in the interest of justice and there is nothing inherently wrong in a defendant similarly electing to foreclose review of a negotiated sentence" *(People v Seaberg, supra,* at 9-10).

In *People v Smith* (142 AD2d 195), Justice Bracken, writing on behalf of the court, stated:

"In conclusion, we adhere to our holding that a defendant may waive his right to appeal *(People v Seaberg, supra). The scope of such waivers, unless limited by their terms, extends to all issues which could ordinarily be raised on appeal, including those relating to the sentence.* 'We do not share the view that there is an affirmative public policy to be served in fostering appeals, whether civil or criminal' *(State v Gibson,* 68 NJ 499, 511, 348 A2d 769, 775, *supra).* The defendant in the present case received a benefit, in the form of sentencing concessions, which he presumably would not have received had he insisted on his right to appellate review. Nothing less than a basic sense of fairness requires that, the defendant having already accepted the benefit of his bargains, the People should now receive the benefit of theirs.

"The defendant's appeals are accordingly dismissed" (142 AD2d 195, 201, *supra* [emphasis added]).

The record in the *Smith* case reveals that the defendant agreed to waive "any rights [he] would have normally to appeal these pleas". Thus, without any specific expression by the defendant that he waived his rights to challenge the sentences, this court held that the defendant's general waiver of his right to appeal the plea included the sentence.

In *People v Karim* (146 AD2d 805, 806), this court adhered to the ruling in *Smith (supra),* stating: "In this Judicial Department, the law is that a defendant may waive his right to appeal *(People v Seaberg,* 139 AD2d 53) and that such a waiver, unless specifically limited, precludes appellate review of all issues, including any issue concerning the harshness of the sentence imposed *(People v Smith,* 142 AD2d 195). In the present cases, there is no indication whatsoever that the defendant's explicit waiver of his right to appeal was not knowingly, voluntarily and intelligently made. The appeals must therefore be dismissed".

More recently, in *People v Kiesel* (169 AD2d 843), this court dismissed an appeal where the defendant's waiver was framed as follows:

"THE COURT: Yes. This is something that has been worked out by your lawyers, the prosecutor and yoursel[ves]. It's a plea bargain disposition?

"DEFENDANT KIESEL: Yes, sir.

"THE COURT: You must understand that since this is an

agreement and you are participating in it, you are giving up your right to appeal on it * * *

"THE COURT: You are waiving your right to appeal this disposition that you are participating in?

"DEFENDANT KIESEL: Yes".

The Appellate Division, Third Department, has also adopted the view that the waiver of the right to appeal which is made as part of a plea agreement extends to the sentence as well. Thus, in *People v Koskowski* (134 AD2d 743), the court held: "The issue raised on this appeal is whether the sentence imposed was excessive. As a condition of defendant's negotiated plea of guilty to violation of probation, he waived his right to appeal from the ongoing plea proceeding in the presence of his attorney in open court. Since the record indicates that the waiver was knowing, voluntary and intelligent, this appeal must be dismissed *(see, People v Harvey,* 124 AD2d 943, 944)" *(see also, People v Bauer,* 153 AD2d 988; *People v Bennett,* 152 AD2d 886; *People v Smith,* 141 AD2d 988).

Returning to *People v Russell* (168 AD2d 580, *supra)* and *People v Crum* (175 AD2d 136, *supra),* the records in both cases contain factors which suggest that this court was concerned as to the knowing, voluntary, and intelligent nature of the waiver. In *Russell,* although part of the plea agreement was a provision that sentencing be as a second violent felony offender, the plea minutes show that defense counsel stated that she had not seen the record of the prior conviction and thus had been unable to advise the defendant as to whether he had any legitimate challenges to the prior conviction. In *Crum,* the defendant pleaded guilty under one indictment at the same time that he was being sentenced under another indictment of which he had been convicted after a jury trial. After sentencing the defendant on the trial conviction, the trial court told him that he could appeal from the sentence imposed. Accordingly, there was a good chance that the defendant may have become confused as to exactly what rights he was waiving.

In short, to the extent that the language in *Russell* and *Crum (supra)* suggests a rule that is broader than the court's concern in those cases as to whether the waivers were knowing or intelligent and, therefore, runs contrary to the principles laid down in *Seaberg* and *Smith (supra),* that language should not be followed. The better viewpoint is that where, as

here, a defendant negotiates for a particular sentence and where that sentence is promised to him on the record as part of the plea agreement, then a general waiver of the right to appeal extends to a waiver of a right to challenge that sentence *(compare, People v Maye,* 143 AD2d 483 [a waiver exacted during a plea allocution with no indication as to what the ultimate sentence would be did not extend to a challenge as to the excessiveness of the sentence]) unless, of course, the sentence is illegal *(see, e.g., People v Hall,* 176 AD2d 960; *People v Mitchell,* 166 AD2d 892). As stated in *People v Smith (supra),* "[t]he scope of such waivers, unless limited by their terms, extends to all issues which could ordinarily be raised on appeal, including those relating to the sentence" (142 AD2d 195, 201).

Since the sentence in this case was not illegal and since it was negotiated as an integral part of the plea agreement and the defendant pleaded guilty with full knowledge of the sentence that he was to receive, the defendant's waiver of appeal encompassed any sentencing issues, and this appeal must be dismissed.

Although we are reaffirming the principle that a waiver of the right to appeal agreed to as part of a plea agreement which includes a provision as to a specific sentence will naturally extend to the sentence also, it may be more advisable, as a precautionary measure, to note on the record at the time of the plea that the waiver applies to both the plea and the sentence *(see, e.g., People v Winkel,* 178 AD2d 677; *People v Cicciari,* 175 AD2d 255). However, the lack of specific words to that effect will not automatically render the waiver invalid *(see also, People v Derby,* 168 AD2d 969). Rather, the key to any waiver situation is that the waiver be voluntary, knowing, and intelligent *(see, People v Moissett,* 76 NY2d 909, 910-911, *supra; see also, People v Maurizio,* 170 AD2d 905).

The defendant's secondary argument that the court clerk's inadvertent reading of the notice of the right to appeal at the conclusion of the sentencing proceedings somehow negated his waiver of his right to appeal has been expressly rejected by this court on a prior occasion. In *People v Johnson* (158 AD2d 620-621), this court held: "The statements made by the defense counsel at the time of the defendant's plea of guilty make it clear that the defendant knowingly waived his right to appeal in order to induce the People to agree to the plea bargain. The defendant's waiver is fully enforceable *(see, People v Seaberg,* 74 NY2d 1). The enforceability of the waiver

is unaffected by the fact that the court, at the time of sentencing, mistakenly informed the defendant that he had the right to appeal" *(see also, People v Crouch,* 161 AD2d 834).

In *People v Moissett* (154 AD2d 786, *affd* 76 NY2d 909, *supra),* the Appellate Division, Third Department, determined that review of the sentence imposed was precluded by the defendant's knowing, voluntary, and intelligent waiver of his right to appeal as part of the plea negotiations. The Court of Appeals affirmed, finding that the defendant's assurance to the court that he understood the plea agreement and that he had no questions concerning his attorney's representations that the defendant would waive any right to appeal provided ample support for the position that the bargain was reasonable, that the defendant knew and understood its terms and that he willingly accepted them. Moreover, the court found that the trial court's subsequent advisement to the defendant of his right to appeal at sentencing could not operate to vitiate the valid waiver.

As the defendant in the present case affirmatively acknowledged to the court that he was waiving his right to appeal as part of his plea agreement, that he understood the consequences of his plea, and that he had discussed it with his attorney, and since the agreement entered into was reasonable and fair in that the defendant was allowed to plead guilty to a lesser charge and to receive a lesser sentence, this court will give effect to the defendant's waiver and dismiss his appeal.

HARWOOD, J. P., ROSENBLATT and COPERTINO, JJ., concur.

Ordered that the appeal is dismissed.