[No. E009786. Fourth Dist., Div. Two. Mar. 5, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
RAYMOND ANTHONY VARGAS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication as to part I only.

### COUNSEL

Sharon M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Pat Zaharopoulos and Gil P. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

### OPINION

**McKINSTER, J.**—Defendant appeals his conviction by plea of guilty to one count of robbery with a firearm use enhancement also admitted. On

appeal defendant contends that the court erred in refusing to grant his motion for a continuance which he brought on the eve of trial immediately after the court granted his motion to proceed in propria persona (pro. per.) thereby denying his right to effective assistance of counsel. He further contends the court erred in reducing his conduct credits by 10 days at his sentencing hearing.

The People contend this appeal should be dismissed because defendant waived his right of appeal as part of his negotiated plea agreement. We conclude defendant made a knowing, intelligent and voluntary waiver of his right to appeal any error occurring prior to his waiver; therefore, we will not consider his claim of error regarding the denial of his motion to continue and the deprivation of his right to effective assistance of counsel. We also conclude, however, that he did not make a knowing and intelligent waiver of prospective sentencing error. Considering his remaining claim of sentencing error on the merits, we find no error. Therefore, the judgment is affirmed.

### PROCEDURAL BACKGROUND

A consolidated information charged the defendant with three counts of robbery (Pen. Code, § 211),[1] three counts of false imprisonment by violence (§ 236), and one count of commercial burglary (§ 459). The information further alleged a principal was armed with a firearm in four of the counts (§ 12022, subd. (a)), and defendant personally used a firearm as to two of the counts causing the offenses to become serious felonies (§§ 1203.06, subd. (a)(1), 12022.5, 1192.7, subd. (c)(8)).

Defendant initially entered a plea of not guilty to the charges and denied the allegations. On February 16, 1990, the court denied defendant's motion to relieve the public defender. On March 19, 1990, the court granted the public defender's motion to be relieved and appointed Attorney Frank Cardinal to represent defendant. On March 20, 1990, the court relieved Cardinal and appointed David Marcus as defendant's attorney. Several months later, the court granted defendant's motion to proceed in pro. per. but denied defendant's motion for advisory counsel. On July 6, 1990, the court granted defendant's motion to be relieved of pro. per. status and appointed David Karlson as attorney. On October 12, 1990, the court denied defendant's motion to relieve Karlson and to proceed in pro. per. On January 9, 1991, the court relieved Karlson pursuant to defendant's motion and granted defendant pro. per. status but denied defendant's motion for a continuance.

Defendant's trial began January 10, 1991, and proceeded through the conclusion of the People's case-in-chief. After a settlement discussion with

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

the prosecutor, defendant pled guilty to count 5, robbery, and admitted an allegation that he personally used a firearm during the commission of the robbery. All other charges were to be dismissed. The agreement also provided defendant would receive the middle term of three years plus two years for the enhancement. As part of his plea agreement, defendant waived his right of appeal.The court appointed Roger Remlinger to represent defendant at the sentencing hearing; however, Remlinger also advised defendant at the time the court accepted defendant's plea. Later, the court denied defendant's motion to withdraw his plea.

Pursuant to the plea agreement, the court sentenced defendant to three years for the robbery plus two years to be served consecutively for the enhancement. All remaining counts and allegations were dismissed. The court gave defendant a total of 764 days of credit after subtracting 10 days of conduct credit,[2] noting "defendant has a behavioral problem."

## DISCUSSION[3]

I.  *The waiver of the right of appeal.*

As part of the negotiated plea agreement, defendant expressly waived his right of appeal. He signed a written change of plea form which contained a general waiver of the right of appeal, and at the time it accepted defendant's plea the court inquired, "Now, I understand you've waived your rights to appeal as a result of this arm's length negotiation; is that true?" Defendant replied, "Yes, sir." Defendant now challenges the validity of that waiver.

A majority of jurisdictions which have considered the issue of waiver of appeal rights has held the express waiver of the right to appeal made pursuant to a negotiated plea agreement is not invalid per se and is enforceable provided the waiver is knowing, intelligent and voluntary. Such agreements are not inherently coercive or involuntary nor do they violate due process or public policy. (See, e.g., *U.S.* v. *Rutan* (8th Cir. 1992) 956 F.2d 827; *U.S.* v. *Davis* (4th Cir. 1992) 954 F.2d 182, 184-186; *U.S.* v. *Navarro-Botello* (9th Cir. 1990) 912 F.2d 318; *Gwin* v. *State* (Ala.Crim.App. 1984) 456 So.2d 845, 848-849; *Staton* v. *Warden* (1978) 175 Conn. 328, 334-335 [398 A.2d 1176]; *People* v. *Fearing* (1982) 110 Ill.App.3d 643, 644-645 [66 Ill.Dec. 378, 442 N.E.2d 939]; *Judy* v. *State* (1981) 275 Ind. 145 [416 N.E.2d 95]; *State* v. *Hinners* (Iowa 1991) 471 N.W.2d 841, 843-844; *Weatherford* v.

---

[2]Section 4019, subdivision (c).

[3]The facts underlying the charges are irrelevant to the issues on appeal, and, therefore, will be omitted. Additional facts will be introduced as necessary to the discussion of the issues.

*Commonwealth* (Ky. 1986) 703 S.W.2d 882; *State* v. *McKinney* (La. 1981) 406 So.2d 160; *Cubbage* v. *State* (1985) 304 Md. 237, 246-248 [498 A.2d 632]; *People* v. *Rodriguez* (1991) 192 Mich.App. 1 [480 N.W.2d 287]; *People* v. *Seaberg* (1989) 74 N.Y.2d 1 [543 N.Y.S.2d 968, 541 N.E.2d 1022, 1024-1026]; *State* ex rel. *Adams* v. *Norvell* (1969) 1 Tenn.Crim.App. 648 [448 S.W.2d 454]; *State* v. *Perkins* (1987) 108 Wn.2d 212 [737 P.2d 250].) Only a few jurisdictions have taken a different view. (See, e.g., *State* v. *Ethington* (1979) 121 Ariz. 572 [592 P.2d 768] [The waiver of the right to appeal violates public policy.]; *Ballweber* v. *State* (Minn.Ct.App. 1990) 457 N.W.2d 215, 217-218 [The decision concerns the appeal of a sentence and is based on a Minnesota statute and sentencing guidelines.]; see also *State* v. *Sainz* (1987) 107 N.J. 283 [526 A.2d 1015, 1021] [The defendant may appeal despite the waiver, but the appeal acts as a rescission of the negotiated agreement, and the prosecutor may reinstate the charges.].)[4]

The only California case directly on point is *People* v. *Nguyen, ante,* page 114 [16 Cal.Rptr.2d 490]. There, the court found valid a general waiver of the right of appeal pursuant to a negotiated plea stating, "We held in *People* v. *Castrillon* (1991) 227 Cal.App.3d 718 [278 Cal.Rptr. 121] that a criminal defendant could waive the right to appeal the denial of a motion to suppress evidence as part of a plea bargain, provided it was done voluntarily, knowingly and intelligently. (*Id.* at pp. 721-722.) There is no reason to limit the rule to appeals from the denial of motions to suppress evidence . . . ." (*Id.* at p. 119.)

■ Plea negotiation, which resulted in defendant's waiver of his right of appeal in the present case, is an accepted and integral part of our criminal justice system. (*People* v. *Charles* (1985) 171 Cal.App.3d 552, 558 [217 Cal.Rptr. 402].) Plea agreements benefit the criminal justice system by providing speed, economy and finality of judgments. (*U.S.* v. *Rutan, supra,* 956 F.2d at p. 829.) Defendants also benefit from plea agreements by gaining concessions from the People. (*Ibid.*) ■ The benefits of a plea agreement would be eliminated if courts disallowed the waiver of the right of appeal to which the parties have agreed. (*U.S.* v. *Wiggins* (4th Cir. 1990) 905 F.2d 51, 54.)

■ Negotiated plea agreements do "[n]ot violate the Constitution, even though a guilty plea waives important constitutional rights. *Newton* v. *Rumery,* 480 U.S. 386, 393, 107 S.Ct. 1187, 1192, 94 L.Ed.2d 405 (1987) . . . . It is well-settled that a defendant may affirmatively waive constitutional rights to a jury trial, to confront and cross-examine witnesses, and to the

---

[4]See also, Annotation, Validity and Effect of Criminal Defendant's Express Waiver of Right to Appeal as Part of Negotiated Plea Agreement (1979) 89 A.L.R.3d 864.

Fifth Amendment privilege against self-incrimination. *Boykin* v. *Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712. 23 L.Ed.2d 274 (1969). A defendant may also waive the right to counsel. *Faretta* v. *California* 422 U.S. 806, 807, 95 S.Ct. 2525, 2527, 45 L.Ed.2d 562 (1975)." (*U.S.* v. *Rutan, supra,* 956 F.2d at p. 829.)

■ The right to appeal a criminal conviction has no roots in the United States or California Constitutions and is a statutory right only. (*Abney* v. *United States* (1977) 431 U.S. 651, 656 [52 L.Ed.2d 651, 657-658, 97 S.Ct. 2034]; § 1237; *People* v. *Charles, supra,* 171 Cal.App.3d at p. 557.) ■ If a defendant may waive important constitutional rights by pleading guilty, it follows a fortiori that a defendant may expressly waive his statutory right to appeal as part of a plea agreement, provided it is knowing, intelligent and voluntary. (*U.S.* v. *Rutan, supra,* 956 F.2d at p. 829; *U.S.* v. *Wiggins, supra,* 905 F.2d at p. 54; *People* v. *Charles, supra,* 171 Cal.App.3d at p. 559.) We hold, therefore, an express waiver of the right of appeal made pursuant to a negotiated plea agreement is valid provided defendant's waiver is knowing, intelligent and voluntary. One appellate court has strongly encouraged prosecutors and trial judges to consider such waivers during plea negotiations. (*People* v. *Olson* (1989) 216 Cal.App.3d 601, 604-605 [264 Cal.Rptr. 817].)[5]

■ Defendant argues that his waiver of the right of appeal was a retroactive waiver of the right to counsel which is impermissible. Defendant confuses the issue. The waiver involved in this case is an express waiver of a statutory right of appeal, not an implicit waiver of the constitutional right to effective counsel.

In a related argument, defendant contends that once his constitutional right to effective counsel was abridged by the failure to grant him a continuance to fully prepare for trial as a pro. per., all subsequent proceedings were illegal; therefore, the subsequent waiver was not valid. This argument is simply another attempt to convince this court to consider and discuss the merits of defendant's issues on appeal. Our concern in this case is the

---

[5]There, the court was piqued by an obviously frivolous appeal and its great cost to taxpayers. In dictum and without extensive analysis the court encouraged the waiver of the right of appeal stating, without any reference to authority, "Waiver of the right to appeal would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement or other sentencing error." (216 Cal.App.3d at p. 604, fn. 2.) There is authority from other jurisdictions for such a rule (see, e.g., *U.S.* v. *Rutan, supra,* 956 F.2d 827, 829-830; *U.S.* v. *Navarro-Botello, supra,* 912 F.2d 318, 321). *People* v. *Nguyen, supra, ante,* at page 120 also states in dictum that a waiver of appeal rights would not include acts by the court in excess of its jurisdiction or a sentence in excess of the negotiated agreement. We place no reliance on any of these dicta in reaching our conclusions *infra.*

validity of the waiver of the right of appeal. Because we determine defendant's waiver was valid as to alleged errors occurring prior to the waiver of the right of appeal, as we shall explain below, we will not discuss or decide the merits of these issues on appeal.

We turn now to the issue of whether defendant's waiver was knowing, intelligent and voluntary. ■ The voluntariness of a waiver is a question of law which we review de novo. (*U.S.* v. *Navarro-Botello, supra,* 912 F.2d at p. 320.) To make this determination, we examine the particular facts and circumstances surrounding the case, including the defendant's background, experience and conduct. (*U.S.* v. *Davis, supra,* 954 F.2d at p. 186.)

■ Defendant's actions during the proceedings indicate he comprehended and appreciated the workings of the criminal justice system. Defendant proceeded in pro. per. intermittently during the progress of this case. He was sufficiently aware of his rights and legal procedures to pose a motion for continuance, motions for discovery and supplies, motions for a legal runner and a defense investigator, motions to exclude evidence, motions to dismiss, and numerous objections during the presentation of the prosecution's case. Defendant successfully negotiated a plea agreement with the prosecutor, resulting in a very favorable agreement in exchange for his guilty plea and waiver. Such conduct supports a finding of a knowing, intelligent and voluntary waiver. (*U.S.* v. *Rutan, supra,* 956 F.2d at p. 830.)

Furthermore, the court advised defendant of the waiver of the right of appeal orally in court, and defendant indicated he was waiving this right. Indeed, defendant admitted to the court he had thought about and weighed the risks and benefits before entering his plea.

"The Court: All right. Now let me ask you this, Mr. Vargas. You've thought long and hard about this, haven't you, this decision to change your plea?

"Defendant Vargas: Yes, sir.

"The Court: And do you believe you've had enough time to contemplate and consider the change of plea?

"Defendant Vargas: Yes, sir.

"The Court: And are you entering this plea because you think it's best to do so, having weighed the risk of trial and the benefits of the plea bargain?

"Defendant Vargas: Yes, sir."

Defendant initialled and signed the change of plea form which indicated he was waiving his right of appeal. The written waiver of the right of appeal demonstrates, independent of the oral advisement by the court, defendant was informed sufficiently of this right to knowingly and intelligently waive it. (*People* v. *Castrillon* (1991) 227 Cal.App.3d 718, 722 [278 Cal.Rptr. 121].) Additionally, the court questioned the defendant regarding force or duress to ensure the plea was voluntary.

Although defendant was not officially represented by counsel, he was advised by Remlinger when the court accepted defendant's plea. Remlinger indicated he had looked at the plea agreement and was present when the prosecutor went over it. When the court inquired whether there was a factual basis for defendant's plea, Remlinger interrupted to explain the concept to defendant. The court also allowed defendant to speak privately with Remlinger about the admission of the enhancement. The fact a defendant received advice of counsel is an additional factor indicating the waiver was knowing, intelligent and voluntary. (*U.S.* v. *Davis*, *supra*, 954 F.2d at p. 186.) Defendant further contends his waiver was not knowing, intelligent and voluntary because he did not understand that forfeiting his right to appeal included the denial of the continuance and the right to effective assistance of counsel. He asserts that the consequences of his waiver were not adequately explained to him. Although a defendant may not know the specific nature of the appeal he is giving up in return for dismissal of pending charges, if he understands he is receiving a benefit in return, his decision to enter into the agreement reflects a highly rational judgment, and that is sufficient to make the plea and waiver knowing, intelligent and voluntary. (*U.S.* v. *Navarro-Botello*, *supra*, 912 F.2d at p. 320, citing *Newton* v. *Rumery* (1987) 480 U.S. 386, 394 [94 L.Ed.2d 405, 416-417, 107 S.Ct. 1187].)

Defendant received the dismissal of six counts and five enhancements plus the benefit of a known term of imprisonment in exchange for his guilty plea and waiver of the right of appeal. The record reveals defendant at the very least understood he had the right to appeal errors occurring up to the time of the waiver, and he was giving it up for certain benefits. Therefore, defendant's waiver of his right to appeal errors occurring prior to the waiver was knowing, intelligent and voluntary. (*U.S.* v. *Rutan*, *supra*, 956 F.2d at p. 830.) Defendant is bound by his agreement and may not repudiate the unfavorable terms. (*People* v. *Charles*, *supra*, 171 Cal.App.3d at p. 562.)

Still at issue, however, is the scope of the waiver, i.e., whether his waiver included subsequent sentencing error. ■ "Waiver is ordinarily a question of fact. [Citation.]" (*Richfield Oil* v. *Security-First Nat. Bank* (1958) 159

Cal.App.2d 184, 194 [323 P.2d 834].) It is defined as "[a]n intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver . . . must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and the conduct of the accused." (*Johnson* v. *Zerbst* (1938) 304 U.S. 458, 464 [82 L.Ed. 1461, 1466, 58 S.Ct. 1019, 146 A.L.R. 357].)

"[T]he valid waiver of a right presupposes an actual and demonstrable knowledge of the very right being waived. [Citations.]" (*Jones* v. *Brown* (1970) 13 Cal.App.3d 513, 519 [89 Cal.Rptr. 651].) It " '[i]s the intelligent relinquishment of a known right after knowledge of the facts.' [Citation.]" (*City of Ukiah* v. *Fones* (1966) 64 Cal.2d 104, 107 [48 Cal.Rptr. 865, 410 P.2d 369].) The burden is on the party claiming the existence of the waiver to prove it by evidence that does not leave the matter to speculation, and doubtful cases will be resolved against a waiver. (*Id.* at pp. 107-108.) The right of appeal should not be considered waived or abandoned except where the record clearly establishes it. (*McKinney* v. *United States* (5th Cir. 1968) 403 F.2d 57, 59.)

Here, the defendant's waiver of the right to appeal was very broad and general. The change of plea form simply states, "I waive my appeal rights." He was not specifically informed that he would be also waiving possible future error.

We conclude on the record before us that the general waiver of the right of appeal did not include error occurring after the waiver because it was not knowingly and intelligently made. Such a waiver of possible future error does not appear to be within defendant's contemplation and knowledge at the time the waiver was made. Any person in defendant's position would reasonably know that such a general waiver of appeal rights obviously included error occurring up to the time of the waiver; however, in our view, it is not reasonable to conclude that the defendant made a knowing and intelligent waiver of the right to appeal any unforeseen or unknown future error such as the erroneous deduction of conduct credits pursuant to section 4019, subdivision (c), as he has alleged on appeal.[6]

Some jurisdictions have found a waiver of the right to appeal future sentencing error valid, even though the precise nature of the possible error is

---

[6]In *People* v. *Nguyen, supra, ante,* at pages 122-123 the court found a general waiver of the right of appeal encompassed sentencing error. *Nguyen* is factually distinguishable from the present case. There, the defendant entered into a plea bargain for an indicated sentence of 30 years. The court found it was especially appropriate to enforce the waiver as to sentencing issues where the defendant was bargained for a specified sentence because appellate courts are not inclined to find sentencing error even though the trial court acts in excess of

not known, where there had been a *specific* waiver of sentencing error as a part of the plea agreement. (*U.S.* v. *Rutan, supra,* 956 F.2d at pp. 829-830; *U.S.* v. *Navarro-Botello, supra,* 912 F.2d at pp. 320-321.) The present case is distinguishable since the defendant made a general waiver of his right of appeal rather than making a specific waiver of future sentencing error.[7]

We do not mean to imply that a defendant may never *specifically* waive prospective error. This is an issue we need not decide and leave for future determination. We merely hold that the record in the present case does not support a knowing and intelligent waiver of defendant's right to appeal sentencing error occurring after a *general* waiver of the right to appeal.

II. *The Penal Code section 4019 credits.**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

DISPOSITION

The judgment is affirmed.

Dabney, Acting P. J., and McDaniel, J.,† concurred.

Appellant's petition for review by the Supreme Court was denied June 24, 1993.

---

jurisdiction in reaching the specified figure provided the court does not lack fundamental jurisdiction. Defendants who have received the benefits of their bargain should not be allowed to "trifle with the courts" by trying for a better bargain on appeal.

In the present case, defendant received the five years he bargained for, and there was no error in how the court calculated the sentence. The agreement was silent regarding conduct credits under section 4019, subdivision (c).

[7] The People urge us to adopt a rule that a general waiver of appeal includes sentencing issues unless the defendant expressly reserves the right to appeal such issues. This appears to be the rule only in New York. (See, e.g., *People* v. *Burk* (1992) 181 A.D.2d 74 [586 N.Y.S.2d 140, 143]; *People* v. *Smith* (1988) 142 A.D.2d 195 [535 N.Y.S.2d 732, 735]; *People* v. *Karim* (1989) 146 A.D.2d 805 [538 N.Y.S.2d 472].) We decline to adopt such a rule finding a *general* waiver of the right of appeal is incompatible with a knowing and intelligent waiver of unknown future error.

*See footnote, *ante,* page 1653.

†Retired Associate Justice of the Court of Appeal, Fourth District, senior judge status (Gov. Code, § 75028.1), sitting under assignment by the Chairperson of the Judicial Council.