■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MICHAELS, Also Known as BILLY MICHAELS, Appellant. [597 NYS2d 246] —Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered May 6, 1991, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Contrary to defendant's contentions, a review of the record reveals that defendant knowingly, voluntarily and intelligently waived his right to appeal. County Court fully advised defendant of the terms of the plea bargain and the consequences of the plea, including that he was waiving his right to appeal. He acknowledged his acceptance of the plea and his understanding that he was waiving his right to appeal *(see, People v Li Castro,* 179 AD2d 890, *lv denied* 79 NY2d 1003; *People v Brown,* 160 AD2d 1039). Thus, the waiver is fully enforceable and precludes appellate review *(see, People v Marziale,* 182 AD2d 1035, *lv denied* 80 NY2d 835).

Defendant further argues that the waiver was invalid because he was pressured to accept the plea bargain based on the Trial Judge's refusal to recuse himself. He claims that he was forced to either accept the plea or face a trial before that Judge. This claim is in essence a challenge to the voluntariness of the plea itself. There is, however, no evidence that the plea was coerced. Defendant acknowledged that he had enough time to consider the terms of the plea, that he had consulted with his attorney and that he had not been pressured. Sufficient inquiry was made by County Court to defendant and thus the plea itself was voluntarily, knowingly and intelligently made (see, People v Ross, 182 AD2d 1022, appeal dismissed 80 NY2d 934).

Defendant also claims that the waiver of his right to appeal did not include a waiver of his right to challenge whether the sentence was harsh and excessive. We disagree. Under the circumstances of this case, defendant's waiver extended to a waiver of his right to challenge his sentence. He negotiated for the sentence and it was promised to him as part of the plea agreement (see, People v Burk, 181 AD2d 74, lv denied 80 NY2d 927; see also, People v Moissett, 154 AD2d 786, affd 76 NY2d 909). In any event, the sentence of 5 to 15 years' imprisonment was well within the statutory guidelines (see, Penal Law § 70.00 [2], [3]), was in accordance with the plea bargain and was in full satisfaction of a 30-count indictment. We therefore can find no reason to disturb the sentence imposed by County Court (see, People v Mackey, 136 AD2d 780, lv denied 71 NY2d 899; People v Kazepis, 101 AD2d 816).

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.