Filed 6/14/16  P. v. Carter CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C076942 |
| v. | (Super. Ct. No. CRF091084) |
| DEWAYNE NORMAN CARTER, | |
| Defendant and Appellant. | |

Defendant Dewayne Norman Carter pleaded guilty to first degree murder.  On appeal, defendant contends the trial court failed to determine adequately whether he understood the rights he was waiving and whether he was doing so voluntarily.  We conclude sufficient evidence supports the conclusion defendant knowingly, intelligently, and voluntarily entered his plea.  We affirm the judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with first degree murder, with special circumstances of murder during a robbery, murder during a burglary, and torture (count 1; Pen. Code,[1] §§ 187, subd. (a), 190.2, subd. (a)(17)(A), (a)(17)(G), & (a)(18)); murder with torture (count 2; § 206); robbery (count 3; § 211); burglary (count 4; § 459); and vehicle theft (count 5; Veh. Code, § 10851). The People sought the death penalty against defendant.

After a doubt was raised about defendant's competency to stand trial, the court suspended proceedings and ordered a psychologist report, a psychiatrist report, and a competency hearing. (§ 1367 et seq.) The psychologist and psychiatrist both concluded defendant appeared to be malingering and was competent to stand trial. The trial court found defendant competent and reinstated proceedings.

Pursuant to section 1376, defendant submitted a forensic neuropsychological report to the People stating he suffers from an intellectual disability. The People engaged their own expert, and, pursuant to the parties' stipulation, the court ordered additional testing of defendant by the People's expert.

Before the People completed their expert report regarding defendant's intellectual disability status, defendant pleaded guilty to first degree murder and the special circumstance of murder during a burglary. Defendant signed a plea form and entered an oral plea of guilty. During the plea change hearing, defendant's three lawyers confirmed to the trial court that defendant understood the charges, his constitutional rights regarding the charges, and his possible defenses. The court found defendant understood the nature of the crimes and the consequences of the plea, and waived his constitutional and statutory rights knowingly, intelligently, and voluntarily. Pursuant to the plea agreement,

---

[1] Undesignated statutory references are to the Penal Code.

the court dismissed the remaining charges and sentenced defendant to serve life in prison without the possibility of parole.  Defendant waived his right to appeal.

Nonetheless, defendant timely filed a notice of appeal, claiming the plea agreement terms were not "explained . . . in a way I could comprehend" and he was "coerced into taking my 'deal.' "  Based on this court's direction, the trial court granted a certificate of probable cause.

DISCUSSION

Defendant argues the trial court knew defendant took medication for mental health conditions and was aware of evidence indicating defendant suffered from an intellectual disability.  He asserts the court should have conducted a more thorough inquiry during defendant's plea to establish he knowingly, intelligently, and voluntarily waived his constitutional and statutory rights.

Because a guilty plea is a waiver of fundamental constitutional rights, the plea must be knowing, intelligent, and voluntary.  (*People v. Collins* (2001) 26 Cal.4th 297, 304-305.)  A waiver is knowing and intelligent if it is "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."  (*Id.* at p. 305, quoting *Colorado v. Spring* (1987) 479 U.S. 564, 573 [93 L.Ed.2d 954, 965].)  Whether a waiver is knowing, intelligent, and voluntary is a question of law subject to de novo review, based on the entire record.  (*People v. Panizzon* (1996) 13 Cal.4th 68, 80; *People v. Mosby* (2004) 33 Cal.4th 353, 361; see also *United States v. Dixon* (6th Cir. 2007) 479 F.3d 431, 434.)  Reversal is only warranted if the record fails to "affirmatively show[] that [the admission] is voluntary and intelligent under the *totality of the circumstances*."  (*Mosby,* at p. 360, quoting *People v. Howard* (1992) 1 Cal.4th 1132, 1175.)

Although defendant contends on appeal he did not understand the plea bargain, the record demonstrates he was fully aware of the rights he was waiving and the consequences of his plea.  Prior to entering his plea, defendant initialed and signed a 12-

3

page plea form.  The form describes the relevant charges, including their elements and the minimum and maximum sentences.  (*Bradshaw v. Stumpf* (2005) 545 U.S. 175, 183 [162 L.Ed.2d 143, 153] (*Stumpf*) [defendant must be aware of the elements of the charges].)  The form also describes the consequences of pleading guilty, including the sentence the court would impose if he pleaded guilty, potential fines, and his ineligibility for serving his sentence in county jail.  (*People v. Panizzon, supra*, 13 Cal.4th at p. 80 [defendant must be aware of the consequences of his or her plea].)  The form further describes defendant's right to trial by jury, right to confront and cross-examine witnesses, and right to remain silent and not incriminate himself or herself.  (*Boykin v. Alabama* (1969) 395 U.S. 238, 243 [23 L.Ed.2d 274, 279]; *Stumpf,* at p. 183.)  Defendant indicated on the form he had read or had the form read to him, understood and agreed with everything in the form, had discussed each item on the form with his attorney, and understood and voluntarily waived his constitutional and statutory rights.  (See *People v. Vargas* (1993) 13 Cal.App.4th 1653, 1661 [written waiver of a right "demonstrates, independent of the oral advisement by the court, defendant was informed sufficiently of his [or her] right to knowingly and intelligently waive it"].)

In addition, two of defendant's lawyers indicated on the form they had "explained each of the items in the form, including defendant's constitutional and statutory rights . . . [and] answered all of the defendant's questions with regard to those rights, the other items in this form, and the plea agreement."  (*People v. Vargas, supra*, 13 Cal.App.4th at p. 1661 ["The fact a defendant received advice of counsel is an additional factor indicating the waiver was knowing, intelligent and voluntary"].)

During the plea change hearing, all three of defendant's lawyers confirmed they "had adequate opportunity to discuss" with defendant the charges, special circumstances, defenses, and his constitutional rights.  Defendant's three lawyers were "satisfied that [defendant] understands all of these things."  (See *Henderson v. Morgan* (1976) 426 U.S. 637, 647 [49 L.Ed.2d 108, 115] ["in most cases defense counsel routinely explain the

4

nature of the offense in sufficient detail to give the accused notice of what he [or she] is being asked to admit"]; see also *Stumpf, supra*, 545 U.S. at p. 183 ["Where a defendant is represented by competent counsel, the court usually may rely on that counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he [or she] is pleading guilty"].)

Also during the plea change hearing, defendant confirmed his intent to enter the plea agreement and noted he had signed and initialed the plea form. (*Blackledge v. Allison* (1977) 431 U.S. 63, 74 [52 L.Ed.2d 136, 147] [defendant's "[s]olemn declarations in open court carry a strong presumption of verity"].) Defendant never communicated any confusion to the court during the hearing. In contrast, during the initial proceedings for this matter, defendant clearly indicated to the court he did not understand the court's explanations of the charges against him.

Although the trial court was aware of defendant's expert report indicating defendant had an intellectual disability, the court-appointed psychologist and psychiatrist both found defendant competent to stand trial. While these competency determinations do not establish defendant's waiver as knowing and voluntary, they do establish defendant had the capacity to understand the proceedings. (See *Godinez v. Moran* (1993) 509 U.S. 389, 402 [125 L.Ed.2d 321, 334].) In addition, the psychologist's report noted defendant "clearly understands what he has been charged with," and understood legal concepts that were explained to him, including a jury trial. Similarly, the psychiatrist's report noted: "[T]here is no evidence of cognitive impairment of such magnitude that would prevent [defendant] from learning and retaining basic legal concepts. In fact, [defendant] demonstrated his ability to do so during this interview when he was able to correctly describe the plea bargain process after a short explanation." Accordingly, even if defendant were suffering from an intellectual disability, there is evidence he was capable of understanding legal concepts, including his constitutional rights, and the consequences of waiving those rights.

5

Finally, while the trial court was aware defendant was taking medication for mental health conditions, defendant admitted this medication did not cause him any impairment.  In the plea form, defendant initialed the statement, "I am not under the influence of any drug, medication or alcohol that affects my ability to understand the nature of and consequences of my plea."

Sufficient evidence supports the conclusion defendant knowingly, intelligently, and voluntarily entered his plea.

DISPOSITION

The judgment is affirmed.


/s/
HOCH, J.

We concur:


/s/
HULL, Acting P. J.


/s/
DUARTE, J.

6