Filed 8/11/23  P. v. Amado CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H049922 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. F1245042) |
| v. | |
| JESUS GIL AMADO, | |
| Defendant and Appellant. | |

Facing more than two dozen felony counts for sexually molesting his girlfriend's minor daughters, defendant Jesus Gil Amado pleaded no contest to two charges, forcible rape (Pen. Code, § 261, subd. (a)(2)[1]) and a lewd or lascivious act on a child under age 14 (§ 288, subd. (a)).  He also waived any issues concerning the statute of limitations and his right to appeal.  In accordance with Amado's plea agreement, the trial court sentenced him to an aggregate term of 25 years to life in prison and dismissed the remaining 28 felony counts.

On appeal, Amado claims that the two counts of conviction were time-barred and should be vacated.  The Attorney General counters that this appeal should be dismissed because Amado waived his right to appeal.  The Attorney General asserts further that

---

[1] Unspecified statutory references are to the Penal Code.

even if Amado's appeal proceeds, his claim of error should be rejected because he waived any challenges to the application of the statute of limitations.

For the reasons explained below, we affirm the judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

A. *Factual Summary*

Amado was born in 1943. Maria Doe was born in 1978. Maria's sister, Veronica Doe, was born in 1982.

In the mid-1980s, when Maria was eight years old and Veronica was about three years old, Amado began dating their mother and moved in with their family in Gilroy. Soon thereafter, Amado started sexually assaulting Maria frequently and variously, including by force. A few years later, when Veronica was five or six years old, Amado similarly began sexually assaulting her. Amado told Maria and Veronica not to tell anyone about what he was doing to them.

For several years, as the family moved around and outside California, Amado continually abused Maria and Veronica. Amado impregnated Maria twice, first when she was 10 years old and again when she was 13 years old.

Around the age of 15 or 16, Maria left her family and moved to Yuma, Arizona with her two children. After the family followed her to Yuma, Amado again abused Maria. In addition, Amado continually abused Veronica through the age of 13.

In 1996, when Veronica was 13 years old, she reported Amado to California law enforcement.

Around 1997, in Arizona, Amado was convicted of sexual assault against Veronica and sentenced to 20 years in prison. Maria testified against Amado in Arizona about conduct that had occurred there.

In 2011, Maria contacted law enforcement in Gilroy because she knew Amado's Arizona prison term was almost complete and "wanted to make sure he never walked the streets again." Additionally, Gilroy police interviewed Veronica in August 2012.

2

On December 13, 2012, a felony complaint was filed against Amado in Santa Clara County.

As of March 7, 2016, Amado was still serving his Arizona prison term and had two months and three days remaining on that sentence. In May 2016, Amado was transferred from Arizona to the Santa Clara County Jail.

B. *Charges Against Amado*

On July 12, 2018, the Santa Clara County District Attorney filed a first amended information (information) charging Amado with 29 sex crimes involving Veronica and Maria. Counts 1 through 10 and 22 through 29 of the information alleged crimes committed against Veronica, spanning from January 1, 1988, to December 31, 1992 (counts 1–8), January 1, 1993, to November 30, 1994 (counts 9 & 10), and December 1, 1994, to December 31, 1995 (counts 22–29). Counts 11 through 21 alleged crimes committed against Maria, spanning from January 1, 1988, to May 25, 1988 (counts 11 & 12), May 26, 1988, to May 25, 1989 (counts 13 & 14), May 26, 1989, to May 25, 1990 (counts 15 & 16), May 26, 1990, to May 25, 1991 (counts 17–19), and May 26, 1991, to May 25, 1992 (counts 20 & 21).

More specifically, regarding Veronica, counts 1 through 10, 28, and 29 alleged forcible lewd or lascivious acts on a child under age 14. (§ 288, subd. (b).) Counts 22 and 23 alleged aggravated sexual assault on Veronica, a child under age 14 and 10 or more years younger than Amado. (§ 269.) Counts 24 and 25 alleged forcible sexual penetration of Veronica by a foreign object (§ 289, subd. (a).) Counts 26 and 27 alleged forcible rape of Veronica. (§ 261, subd. (a)(2).)

Regarding Maria, counts 11, 13, 15, 17, and 20 alleged forcible lewd or lascivious acts on a child under age 14. (§ 288, subd. (b).) Counts 12, 14, 16, 18, and 21 alleged forcible rape of Maria. (§ 261, former subd. (2), now subd. (a)(2).) Count 19 alleged forcible sodomy of Maria. (§ 286, subd. (c).)

3

As to all counts, the information alleged that Amado committed a specified sexual offense against more than one victim.  (§ 667.61, subds. (a), (c), (e).[2])  As to counts 24 through 29, the information alleged that Amado kidnapped the victim, Veronica (§§ 207, 208, 209, 209.5), personally used a deadly weapon (§§ 12022, 12022.3, 12022.5), administered a controlled substance to Veronica by force, violence, or fear (§ 12022.75), and inflicted aggravated mayhem or torture (§§ 205, 206).  (§ 667.61, subds. (a), (e).)  The information further stated that, due to the allegations under section 667.61, the potential sentence for each count was 25 years to life in prison.[3]

In addition, regarding Veronica, the information alleged, inter alia, that a complaint containing the charged offenses was filed within one year of the date of Veronica's report on August 28, 2012, to a Gilroy Police Department officer that she had been sexually victimized by Amado as a minor and there is independent evidence that clearly and convincingly corroborates Veronica's allegation, namely more than one victim, DNA evidence, and Amado's admissions.  (§ 803, subd. (f).)

Similarly, regarding Maria, the information alleged, inter alia, that a complaint containing the offenses charged in counts 1 through 25 was filed within one year (when accounting for tolling (§ 803, subd. (d)) of the date of Maria's report on October 11, 2011, to a Gilroy Police Department officer that she had been sexually victimized by Amado as a minor and there is independent evidence that clearly and convincingly

---

[2] Section 667.61 is known as the " 'one strike' " law; it "provides for enhanced indeterminate terms of either 15 or 25 years to life for those who commit enumerated felony sex offenses in specified circumstances."  (*People v. Valdez* (2011) 193 Cal.App.4th 1515, 1521; see also *People v. Mancebo* (2002) 27 Cal.4th 735, 738 [Section 667.61 "sets forth an alternative, harsher sentencing scheme for certain forcible sex crimes."].)

[3] See § 667.61, subd. (j)(2) ("A person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years of age, shall be punished by imprisonment in the state prison for 25 years to life.").

corroborates Maria's allegation, namely more than one victim, DNA evidence, and Amado's admissions. (§ 803, subd. (f).)

Furthermore, the information alleged that prosecution of the charged offenses was commenced within the statute of limitations because Amado was not within California for a sufficient time. (§ 803, subd. (d).)

B. *Amado's Motion to Dismiss*

On January 15, 2019, Amado, through his defense counsel, filed a motion under section 995 (995 motion) to dismiss counts 11 through 21 (regarding Maria) and counts 22 through 25 (regarding Veronica). Amado claimed that "[t]he prosecution failed to present evidence [at the preliminary hearing] to establish probable cause to believe these charges were timely commenced." He argued that the specified counts were time-barred because Veronica and Maria had provided information to California law enforcement in 1996, former section 803, subdivision (g) required that the action commence within one year of the date of a report to law enforcement, and a felony complaint was not filed until December 2012.[4]

The district attorney opposed Amado's 995 motion. The district attorney asserted that because counts 22 and 23 charged offenses punishable by 15 years to life (citing

---

[4] At the preliminary hearing, Maria testified on cross-examination that she could not recall when she reported Amado's conduct to California law enforcement. She did not think her report occurred in 1995 or 1996. She recalled being contacted by law enforcement officers in 1996, but she could not recall their jurisdiction. The name of a certain detective from Imperial County, California "sound[ed] familiar" to Maria and she believed that she had told the detective about Amado's conduct, but she could not recall the year of her conversation with the detective. On redirect, Maria testified that she did not know for certain that she had made statements to California law enforcement in 1996, and "didn't want to talk to anyone" "when contacted by California law enforcement in 1996, 1997." Maria further said that her "involvement in this case" was the first time she had cooperated with California law enforcement regarding Amado's conduct in California. On recross-examination, Maria testified that she believed California law enforcement reached out to her in 1996, but she was "not sure" and could not recall if they asked about incidents that had occurred between her and Amado.

5

§ 269, subd. (b); *People v. Hale* (2012) 204 Cal.App.4th 971 (*Hale*)) and counts 22 through 25 each included sentencing allegations under section 667.61, which elevate the punishment for those charged offenses to 25 years to life, the offenses in counts 22 through 25 do not have a statute of limitations (citing § 799, subd. (a) ["Prosecution for an offense punishable . . . by imprisonment in the state prison for life . . . may be commenced at any time."]; *People v. Perez* (2010) 182 Cal.App.4th 231). Regarding counts 11 through 21, the district attorney argued that Maria did not report any substantial sexual misconduct to California law enforcement in 1996. Rather, Maria reported Amado's substantial sexual misconduct in 2011, and the charged offenses were properly filed within the statutory time limit of that report.

On June 17, 2019, the trial court denied Amado's section 995 motion. The court found that the evidence presented at the preliminary hearing supported a conclusion "that the report made to law enforcement within the year of this [prosecution] was [Maria's] first report." The court explained: "While it sounds like it is certainly possible that [an officer] spoke with Maria [in 1996], it also appears clear from the evidence that she was uncooperative and that it's certainly possible she remembers [the officer's] name and remembers having a conversation with him, but there's no evidence that the court has seen that she gave a substantive interview as to the allegations. [¶] And when she did come forward, the case was then filed within the statutory period." The court did not address the district attorney's arguments that there is no statute of limitation for counts 22 and 23 because those offenses each carry a 15-years-to-life sentence or for counts 22 through 25 due to the attendant sentencing allegations under section 667.61.

C. *Amado's No-contest Plea and Subsequent Proceedings*

At a plea hearing held on February 4, 2020, the prosecutor, pursuant to a written plea agreement, orally amended the information to add count 30, alleging the commission of a lewd or lascivious act on Maria, a child under age 14 (§ 288, subd. (a)).[5]

In the written plea agreement (dated February 4, 2020), Amado endorsed the following statement:  "waive appeal [and] any irregularities w/ SOL."  He also endorsed a statement that he "had a full opportunity to discuss" with his attorney his "constitutional and statutory rights and waiver of those rights" and "[t]he consequences of this plea."

During the plea hearing, the prosecutor reiterated that Amado "will waive appeal and any irregularities regarding statute of limitations."  When the trial court asked Amado if he heard and understood the prosecutor's statement, Amado (with the assistance of a Spanish language interpreter) responded "Yes."  Upon further questioning by the court, Amado confirmed, inter alia, that he wished to settle the case, had had enough time to discuss the case with his defense counsel, had no questions before entering his plea, was not under the influence of any drug or alcohol, had not been threatened or promised things off the record, and understood and agreed that he "will waive any defect in the plea or sentencing and [] agree to waive [his] appellate rights."  Amado also confirmed

---

[5] Regarding the time frame for count 30, the prosecutor said the following:  "The time period for the amended [c]ount 30 will be from January 1st, *1998*, through December 31st, *1998*, in all of the same counties as outlined in [c]ount 26" (italics added).

Based on the record, it appears that the prosecutor misspoke when he stated the relevant year for count 30 as 1998 instead of 1988.  Maria turned 14 years old in 1992; thus, by January 1998, Maria was 19 years old and no longer a child under age 14, as alleged in count 30.  Furthermore, as mentioned *ante*, all the charges in the information regarding Maria were alleged to have occurred between January 1, *1988*, and May 25, *1992* (i.e., before she turned 14 years old).  In addition, later in the plea hearing, the trial court said the following when taking Amado's plea to count 30:  "[I]t is alleged that on or about and between January 1st, *1988*, and December 31st, *1998*, in the County of Santa Clara --" (italics added).  The prosecutor interjected, "Correct yes, Your Honor."  After the court finished reading the charge, Amado entered his no contest plea to count 30. Amado never objected to count 30 based on the stated time frame.

that he read the written plea agreement, reviewed it with his counsel, and had no questions about it. Furthermore, the interpreter stated that she had translated the plea form for Amado. Defense counsel confirmed that she was satisfied Amado "understands his constitutional rights and the consequences of his plea."

In exchange for a stipulated total prison term of 25 years to life and dismissal of all remaining counts at sentencing, Amado pleaded no contest to count 26 (forcible rape of Veronica (§ 261, subd. (a)(2))) and count 30 (lewd or lascivious act on Maria (§ 288, subd. (a)).[6] He also admitted the sentencing allegations attendant to count 26. The trial court accepted Amado's plea and found that he "made a knowing, intelligent, voluntary waiver of rights, entry of plea."

More than a year and a half later, in September 2021, the trial court denied a motion that Amado filed under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

In October 2021, the trial court denied Amado's motion to withdraw his plea.

On November 29, 2021, the trial court held a sentencing hearing. The court denied Amado's request to continue the sentencing. In accordance with the plea agreement, the court sentenced Amado to an indeterminate term of 25 years to life in prison for count 26 and a concurrent determinate upper term of eight years for count 30, with a total of 2,348 days of custody credit.[7] According to the clerk's minute order for the sentencing hearing, and in accord with the plea agreement, the trial court dismissed counts 1 through 25 and 27 through 29.

Amado, through his defense counsel, filed a timely notice of appeal "challeng[ing] the validity of the plea or admission." In a corresponding request for a certificate of probable cause, Amado stated that he was "appealing the [c]ourt's denial of his *Marsden*

---

[6] The written plea agreement indicated that Amado was pleading no contest "to take advantage of a plea agreement," citing *People v. West* (1970) 3 Cal.3d 595.

[7] Amado makes no argument in this appeal challenging the trial court's imposition of an upper term sentence. (See § 1170, subd. (b).)

8

motion and motion to withdraw plea," as well as the denial of his request to continue sentencing. The trial court granted Amado's request for a certificate of probable cause.

## II. DISCUSSION

On appeal, Amado contends that his convictions "must be vacated despite his plea because counts 26 and 30 were barred by the statute of limitations." He asserts further that he "did not validly waive the statute of limitations in the course of his plea bargain. . . . California case law provides that a defendant may expressly waive the statute of limitations only for his own benefit. [Citing *Cowan v. Superior Court* [(1996) 14 Cal.4th 367,] 372–373.] The waiver in this case was made solely for the benefit of the People." Amado additionally contends that the prosecution of time-barred counts violates his federal constitutional right to due process.

The Attorney General responds that this court should enforce the plea bargain by dismissing Amado's appeal and rejecting his attempt to raise a claim about the statute of limitations. The Attorney General asserts that Amado validly waived his right to appeal as part of the negotiated plea agreement. The Attorney General further asserts that even if Amado's appeal is not dismissed, Amado's "claim is not cognizable given [his] additional waiver of any statute of limitations issue." The Attorney General argues that the prerequisites of *Cowan* were met in this case, including that the waiver benefited Amado.

In his reply brief, Amado counters that "[a] defendant does not lose his right to challenge [a] violation of the statute of limitations solely by waiving his right to appeal. [¶] . . . [I]f a defendant's express waiver of the statute of limitations is not valid, then it is as if it were never made, and he may make the argument, either on appeal or at any other time."

A. *Analysis*

We need not decide whether Amado's waiver of his right to appeal compels dismissal of this matter because, for the reasons stated *post*, we conclude Amado validly

waived any issue regarding the statute of limitations for the offenses to which he pleaded no contest.

Neither party addresses the standard for our review of Amado's waiver of the statute of limitations. Because the issue involves a determination whether Amado's waiver was knowing, voluntary, and intelligent, we review the issue de novo. (See *People v. Panizzon* (1996) 13 Cal .4th 68, 80 ["The voluntariness of a waiver [of the right of appeal] is a question of law which appellate courts review de novo."]; *People v. Vargas* (1993) 13 Cal.App.4th 1653, 1660.)

Whether Amado validly waived the statute of limitations turns on the factors identified by our Supreme Court in *Cowan v. Superior Court* (1996) 14 Cal.4th 367 (*Cowan*). In that case, the defendant, facing three capital charges, entered into an agreement to plead no contest to one count of the lesser offense of voluntary manslaughter. In return, the remaining charges would be dismissed. (*Id*. at p. 370.) After the defendant entered his plea but before sentencing, the district attorney realized that the statute of limitations for voluntary manslaughter had expired and moved to set aside the plea as illegal. Subsequently, at a hearing on the district attorney's motion, the defendant stated that he was willing to waive the statute of limitations. Nevertheless, the trial court found that the statute of limitations was a jurisdictional defect, and the parties could not stipulate to jurisdiction. The trial court granted the motion to set aside the plea and reinstated the original charges. The defendant challenged the trial court's ruling in the Court of Appeal through a petition for writ of mandate to compel the trial court to accept his plea on condition that he waive the statute of limitations. The Court of Appeal denied the petition, and the California Supreme Court granted review and issued an alternative writ of mandate. (*Ibid*.)

In *Cowan*, the California Supreme Court concluded that a trial court "does not lack fundamental subject matter jurisdiction" in accepting a guilty plea to a time-barred lesser offense. (*Cowan*, *supra*, 14 Cal.4th at p. 374 [overruling *People v. McGee* (1934) 1

10

Cal.2d 611, 613–614].)  Additionally, our high court held that a criminal defendant may expressly waive a statute of limitations "at least when [three] prerequisites have been met:"  " ' "(1) the waiver is knowing, intelligent, and voluntary; (2) [the waiver] is made for the defendant's benefit and after consultation with counsel; and (3) the defendant's waiver does not handicap his defense or contravene any other public policy reasons motivating the enactment of the statutes." ' " (*Cowan*, at p. 372, quoting *Padie v. State* (Alaska 1979) 594 P.2d 50, 57.)

Regarding these prerequisites, our Supreme Court explained that "[a]bsent a contrary indication, the trial court and, on appeal, the reviewing court may presume that a represented defendant has consulted with counsel" about the possibility that a charge might be time-barred.  (*Cowan*, *supra*, 14 Cal.4th at p. 373.)  The court stated further that "a defendant's waiver of the statute of limitations to a lesser offense as part of a plea agreement . . . would be for the defendant's benefit and would not handicap the defense." (*Ibid.*)  Noting that the defendant in *Cowan* was being prosecuted for murder (which was not time-barred) and that permitting a plea to a lesser offense would limit litigation, the court said, "We perceive no 'public policy' reasons that would prevent a defendant from waiving the statute of limitations in this situation." (*Id*. at p. 374.)  The court also stated the following about its holding:  "A person who waives the statute of limitations . . . may not later attack the conviction on the basis of that statute of limitations." (*Id*. at p. 376.)

Here, Amado's waiver of "any irregularities" regarding the statute of limitations satisfies the three prerequisites of *Cowan*.  Amado's written plea agreement and his plea colloquy expressly included the waiver.  Amado also confirmed to the trial court that he understood and agreed to "waive any defect in the plea or sentencing" and the plea agreement and the oral court proceedings were translated from English to Spanish. Furthermore, Amado was personally present when the trial court had previously denied his 995 motion challenging counts 11 through 25 as time-barred.  Viewed in its totality, the record supports the conclusion that Amado knowingly, voluntarily, and intelligently

11

waived any statute of limitation issues as to counts 26 and 30. Amado makes no explicit argument otherwise in this appeal.

Further, there is substantial evidence that Amado entered the waiver for his own benefit after consultation with counsel. Beginning with the consultation requirement, in the written plea agreement, Amado's defense counsel confirmed that she had reviewed the agreement with Amado and explained to him "each of the items in the form" and "any possible defenses to the charges." Similarly, in court, defense counsel expressed satisfaction that Amado understood "his constitutional rights and the consequences of his plea." The trial court confirmed with Amado that he had had adequate time to discuss the case with his defense counsel and had reviewed the plea agreement with counsel. Thus, the record demonstrates that Amado consulted with his counsel about the waiver of any statute of limitation issues.

In this court, Amado challenges only the requirement that he benefitted from the waiver. Regarding this factor, Amado argues that his waiver did not benefit him because, unlike the defendant in *Cowan*, he "did not seek to waive the statute of limitations" and the waiver was not intended to "avoid being prosecuted for a greater offense that had no time limit and over which the court unquestionably had jurisdiction." Amado asserts further that he "obtained no benefit from pleading guilty to two offenses in exchange for a sentence of 25 years to life, despite avoiding trial on twenty-eight other charges carrying potential 25 years to life sentences." (Italics omitted.) Amado notes that he will be 80 years old in September 2023, and claims that "[t]o [a] man of that age, there is no difference between a single sentence of 25 years to life, and thirty such sentences imposed consecutively. . . . Since he will die in prison with or without his plea bargain, to call it a benefit to him is a ludicrous legal fiction."

We disagree. Contrary to Amado's assertions, he did benefit from his bargained-for waiver. Amado makes no persuasive argument that all counts dismissed under his plea agreement were time-barred. Furthermore, he does not challenge the district

12

attorney's argument—made in the trial court—that counts 22 and 23 (charging aggravated sexual assault on Veronica (§ 269)) were not subject to any statute of limitation because those offenses are punishable by a life term (15 years to life). (*Hale*, *supra*, 204 Cal.App.4th at p. 972 ["[A] straightforward application of section 799 leads to the conclusion that a violation of section 269 may be prosecuted at any time."].) Thus, Amado benefited from his waiver because the district attorney dismissed counts for which Amado had no apparent statute of limitations defense. (See *People v. Walker* (1991) 54 Cal.3d 1013, 1024, overruled on another ground in *People v. Villalobos* (2012) 54 Cal.4th 177, 183.)

Furthermore, if Amado had rejected the plea deal and, at least, been convicted of counts 22 and 23, he seemingly would have been subject to a sentencing provision in section 269 which provides that "[t]he court shall impose a consecutive sentence for each offense that results in a conviction under this section if the crimes . . . involve the same victim on separate occasions as defined in subdivision (d) of [s]ection 667.6." (§ 269, subd. (c).) Thus, by agreeing to the statute of limitations waiver as part of his plea deal, Amado was assured that he would not be prosecuted on two other counts for which there was no statute of limitations and for which he could have received a sentence greater than the one he obtained through the plea agreement (i.e., 30 years to life versus 25 years to life).

Additionally, we are not convinced that Amado's advanced age essentially overrides all other circumstances in determining whether he benefited from pleading no contest to counts 26 and 30 for a sentence of 25 years to life. Amado cites no precedent supporting his contention that his age dictates a finding he could not benefit from a waiver of the statute of limitations. While there is a pragmatic reality to Amado's observation that his life expectancy is not sizable, he offers no suggestion for a principled method for weighing a defendant's age against his sentence length and determining when he crosses the line from benefit to no benefit. Amado also fails to acknowledge that he

13

eventually will be parole eligible, might in fact live long enough to see that date, and has enhanced his chances for parole by limiting his convictions through his plea deal. (See, e.g., § 3041, subd. (b)(1) ["The panel or the board, sitting en banc, shall grant parole to an inmate unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual."]; see also § 3055 [elderly parole program].) Under these circumstances, we conclude that Amado has not shown he gained no benefit from his waiver of the statute of limitations.

Amado makes no specific argument that his statute of limitations waiver " ' "handicap[ped] his defense or contravene[d] any other public policy reasons motivating the enactment of the statutes." ' " (*Cowan*, *supra*, 14 Cal.4th at p. 372.) Given that Amado profited from avoiding an arduous public trial on dozens of sex offense counts (including two that undisputedly were not time-barred), we discern no hinderance to Amado's defense or any public policy reason that precludes his waiver of potential statute of limitation issues for counts 26 and 30.

Having decided that Amado validly waived any statute of limitations issues for the counts of conviction, we do not address his remaining contentions that his convictions are time-barred and must be vacated. Given Amado's valid statute of limitations waiver, his attack on his convictions is not cognizable on appeal. (See *Cowan*, *supra*, 14 Cal.4th at p. 376.)

### III. DISPOSITION

The judgment is affirmed.

_____
Danner, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P.J.

_____
Bromberg, J.

**H049922**
*People v. Amado*