Filed 8/5/13  P. v. Ferguson CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KEVIN ERNEST FERGUSON,<br><br>    Defendant and Appellant. | F064495<br><br>(Super. Ct. Nos. 11CM8769 & 11CM8916)<br><br>**O P I N I O N** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  James T. LaPorte, Judge.

Michael Willemsen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Charity S. Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Wiseman, Acting P.J., Kane, J., and Peña, J.

In case No. 11CM8769 appellant, Kevin Ernest Ferguson, pled guilty to receiving stolen property (Pen. Code, § 496, subd, (a))[1] and admitted allegations that he had a prior conviction within the meaning of the three strikes law (§ 667, subds. (b)-(i)). In case No. 11CM8916 Ferguson pled guilty to receiving stolen property.

On January 17, 2012, the court sentenced Ferguson to an aggregate term of four years eight months in both cases. The court also ordered Ferguson to pay victim restitution of $8,000 in case No. 11CM8769.

On appeal, Ferguson contends the court erred in ordering him in case No. 11CM8769 to pay $8,000 in victim restitution. We will find merit to this contention and reverse the court's restitution order. In all other respects, we will affirm.

## FACTS[2]

On July 15, 2011, Chris Rozzell left this home in Avenal and went to Los Angeles after receiving a report that his father had passed away.

On July 17, 2011, Avenal police received a report that Rozzell's home had been burglarized. After receiving information that Lisa Tune and Ferguson committed the burglary, an officer contacted Tune as she sat in her car. Tune told the officer she purchased several items that were in her car from eBay and that other items had been left there by Ferguson. The officer then contacted Rozzell and he identified some of the items Ferguson gave to Tune as belonging to him. These items included a reciprocating saw and an NEC brand laptop.

---

[1]    All further statutory references are to the Penal Code.

[2]    The facts relating to case No. 11CM8916 are omitted because they are not germane to the issues Ferguson raises.

2

During a search of Ferguson's apartment later that day, police officers found several other items belonging to Rozzell including personal checks and a Nintendo WII gaming console.

On August 3, 2011, at a preliminary hearing in case No. 11CM8769 the court held Ferguson to answer on a charge of receiving stolen property, but not on a charge of burglary.

On August 16, 2011, the district attorney filed an information in case No. 11CM8769 charging Ferguson with a single count of receiving stolen property.

On December 19, 2011, Ferguson entered his plea in both cases. As part of his plea bargain Ferguson waived his appellate rights. In taking a waiver of these rights the court stated: "All right. Mr. Ferguson, do you understand that by entering a plea in this case you will be waiving your appellate rights as part of your plea agreement?" Ferguson responded that he did.

The probation report indicated that as a result of the burglary at his residence the victim submitted a claim of $8,000 to his insurance company but was reimbursed only $5,000 because of depreciation.

On January 17, 2012, the court sentenced Ferguson pursuant to his plea agreement to an aggregate term of four years eight months, the middle term of two years on Ferguson's conviction in case No. 11CM8769, doubled to four years because of his prior strike conviction in that case, and a consecutive eight-month term on his conviction in case No. 11CM8916. The court also ordered Ferguson, without objection, to pay $8,000 in victim restitution in case No. 11CM8769.

## DISCUSSION

Ferguson contends the court erred when it ordered him in case No. 11CM8769 to pay $8,000 in victim restitution because: 1) restitution can be only be ordered for the crime a defendant is convicted of; and 2) this amount did not relate to the receiving stolen

3

property offense that he pled to in that case. Respondent contends this claim is not properly before us because Ferguson forfeited his right to challenge this restitution order by his failure to object to it in the trial court and he waived his appellate rights. Alternatively, respondent contends the restitution order was proper because Ferguson was found in possession of property belonging to the victim and there is no evidence the victim recovered this property. We agree with Ferguson.

> "We review the trial court's restitution order for abuse of discretion. [Citation.] A restitution order that is based on a demonstrable error of law constitutes an abuse of the trial court's discretion. [Citation.]" (*People v. Woods* (2008) 161 Cal.App.4th 1045, 1048-1049.)

> "While it is true that crime victims in California have a right to restitution, the right to recover from any given defendant is not unlimited. Our Constitution provides that 'It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer.' (Cal. Const., art. I, § 28, subd. (b).) The Legislature has affirmed this intent, providing in [Penal Code] section 1202.4, subdivision (a)(1), that a 'victim of crime who incurs any economic loss as a result of the commission of a crime shall receive restitution directly from any defendant convicted of that crime.'

> "Courts have interpreted section 1202.4 as limiting restitution awards to those losses arising out of the criminal activity that formed the basis of the conviction. 'Subdivision (a)(3)(B) of section 1202.4 requires the court to order "the defendant"—meaning the defendant described in subdivision (a)(1), who was "convicted of that crime" resulting in the loss—to pay "[r]estitution to the victim or victims, if any, in accordance with subdivision (f)." Subdivision (f) of section 1202.4 provides that "in every case in which a victim has suffered economic loss *as a result of the defendant's criminal conduct,* the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (Italics added.) Construed in light of subdivision (a)(1) and (3)(B), the term "criminal conduct" as used in subdivision (f) means the criminal conduct for which the defendant has been convicted.' [Citation.]

4

"This limitation does not apply in the context of grants of probation. 'California courts have long interpreted the trial courts' discretion to encompass the ordering of restitution as a condition of probation even when the loss was not necessarily caused by the criminal conduct underlying the conviction. Under certain circumstances, restitution has been found proper where the loss was caused by related conduct not resulting in a conviction [citation], by conduct underlying dismissed and uncharged counts [citation], and by conduct resulting in an acquittal [citation].' [Citation.] However, when a court imposes a prison sentence following trial, section 1202.4 limits the scope of victim restitution to losses caused by the criminal conduct for which the defendant sustained the conviction." (*People v. Woods* (2008) 161 Cal.App.4th 1045, 1049-1050.)

Ferguson's receipt of stolen property conviction was based on his possession of several items of property police found in his apartment and/or in Tune's car two days after the victim's house was burglarized. Presumably, these items were returned to the victim by the police. (Cf. *People v. Scroggins* (1987) 191 Cal.App.3d 502, 506.) Thus, the $8,000 victim restitution order was not based on losses the victim suffered as a result of criminal conduct that resulted in Ferguson's conviction.

Respondent contends there is no evidence the victim ever recovered the property and he cites the insurance settlement as evidence of this. However, the portion of the record respondent cites for this assertion indicates only that the insurance company reimbursed the victim a depreciated value of $5,000 for his losses. It does not indicate, as respondent suggests, that this amount included reimbursement for property Ferguson received which, as noted above, should have been returned to the victim after it was recovered by police. Thus, we conclude the court abused its discretion when it ordered Ferguson to pay $8,000 in victim restitution because its restitution order was not based on losses the victim suffered as a result of the conduct underlying Ferguson's criminal conviction.

### *Ferguson did not Forfeit his Right to Challenge the Restitution Order Because it was an Unauthorized Sentence*

"[T]he 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal. [Citations.] The 'unauthorized sentence' principle also has been invoked to determine whether claims previously rejected or never raised are procedurally barred on habeas corpus. [Citations.]

"Although the cases are varied, a sentence is generally 'unauthorized' where it could not lawfully be imposed *under any circumstance in the particular case*. Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing. [Citation.]" (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

The trial court's restitution order constituted an unauthorized sentence because it violated section 1204 by requiring Ferguson to pay restitution for losses not caused by criminal conduct for which he was convicted even though he was sentenced to prison. Therefore, notwithstanding Ferguson's failure to object to the order in the trial court, we may correct this error on appeal because it presents a pure question of law.

Respondent contends the restitution order did not constitute an unauthorized sentence because: 1) there are circumstances under which restitution could be ordered in the instant case such as if Ferguson's receipt of the victim's stolen property caused losses to the victim; and 2) altering the order would require this court to make a fact-intensive inquiry into Ferguson's conduct and the victim's losses. Respondent is wrong. An intensive factual inquiry is unnecessary in order to grant Ferguson the relief he seeks because, again as noted previously, the victim did not suffer any losses as a result of Ferguson's criminal conduct for which he was convicted.

Moreover, even assuming a waiver of appellate rights can encompass an unauthorized sentence, we find no merit to respondent's contention that Ferguson's waiver of appellate rights precludes him from challenging the restitution order.

6

"'Waiver is ordinarily a question of fact. [Citation.]' [Citation.] It is defined as '[a]n intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver ... must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and the conduct of the accused.' [Citation.]

"'[T]he valid waiver of a right presupposes an actual and demonstrable knowledge of the very right being waived. [Citations.]' [Citation.] It '"[i]s the intelligent relinquishment of a known right after knowledge of the facts." [Citation.]' [Citation.] The burden is on the party claiming the existence of the waiver to prove it by evidence that does not leave the matter to speculation, and doubtful cases will be resolved against a waiver. [Citation.] The right of appeal should not be considered waived or abandoned except where the record clearly establishes it. [Citation.]" (*People v. Vargas* (1993) 13 Cal.App.4th 1653, 1661-1662 (*Vargas*).)

Like the defendant in *Vargas*, Ferguson's waiver of appellate rights was broad and general and he was not specifically informed that he would also be waiving possible future error. (*Vargas*, *supra*, 13 Cal.App.4th at p. 1662.) Thus, like the *Vargas* court we conclude that "the record in the present case does not support a knowing and intelligent waiver of defendant's right to appeal sentencing error occurring after a *general* waiver of the right to appeal." (*Id.* at p. 1663.)

## DISPOSITION

The restitution order is reversed. The trial court is directed to prepare an amended abstract of judgment that is consistent with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

7