Filed 11/20/13  P. v. King CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058144 |
| v. | (Super.Ct.No. FVA1201588) |
| RASHAD LAMAR KING, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  Affirmed.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Rashad Lamar King pleaded guilty to one count of second degree robbery, and admitted a gun-use enhancement.  He received an agreed sentence of eight years:  five years for the robbery and three years on the gun

1

enhancement. Defendant filed a notice of appeal after the plea, challenging both the sentence or other matters occurring after the plea and not affecting the plea, as well as the validity of the plea itself. The trial court denied defendant's request for a certificate of probable cause (required for issues challenging the validity of the plea). We affirm the judgment.

FACTS AND PROCEDURAL HISTORY

Defendant and two companions committed an armed robbery of a convenience store. The robbers parked their car on a cul-de-sac. Two of the men alighted from the car and used a shortcut path from the cul-de-sac through to the main street outside the residential area where they had parked. The store surveillance camera showed that the two men entered the store. One of the robbers displayed a handgun, went behind the counter, pointed the gun at the clerk, and demanded money from the cash registers. The other robber stayed in front of the counter; he had one hand in a pocket, and acted as if he had a gun. After taking the cash from the registers, the robbers also demanded cigarettes. The robbers took the money and cigarettes and ran from the store.

Although the robbers wore bandanas over their faces, defendant was identified as the gun-wielding robber from the clothing and shoes shown on the surveillance video. Codefendant Pickett was identified as the other robber in the store, by means of a distinctive embroidered shirt he was wearing.

When the robbers left the store, the clerk called 911. Officers soon detained the three men; a search of the car turned up cash and cigarettes, as well as a revolver in the

2

pocket of a jacket found in the car. Codefendant Clay said that the car was his girlfriend's, and that he had been driving it.

After receiving this testimony in the preliminary hearing, the trial court held defendant to answer on charges of both robbery and being a felon in possession of a firearm, as well as enhancement and prior conviction allegations. The court held codefendant Pickett to answer for the robbery, but not for personal use of a firearm. Codefendant Clay was not held to answer on charges of possession of a firearm; under the facts presented, his most likely participation had been as the driver of the vehicle, not as a robber in the store.

Eventually, each of the codefendants entered a plea agreement.[1] Codefendant Clay agreed to have a count added to the information and pleaded guilty to a charge of being an accessory after the fact to the robbery (Pen. Code, § 32). He received a sentence of 16 months, doubled to 32 months as a second striker. Codefendant Pickett pleaded guilty to second degree robbery and received a midterm sentence of three years. Defendant pleaded guilty to second degree robbery and admitted a firearm enhancement, receiving the agreed-upon immediate sentence of a five-year aggravated term on the robbery, plus a three-year term for the gun enhancement, for a total of eight years. In exchange, the court dismissed the charge of a felon in possession of a firearm, as well as

---

[1] Defendant's two codefendants entered into plea agreements just before the scheduled trial date. On January 7, 2013, the date set for trial, defendant informed the court that he wanted to represent himself. The court informed defendant that trial would begin the following day, January 8. Defendant then decided to plead also.

3

allegations that he had a strike prior, a prison term prior, and a prior serious felony conviction.

After his guilty plea, defendant filed a notice of appeal, complaining that his rights were violated because he had asked his attorney multiple times for preliminary hearing transcripts, discovery, and, more particularly, a statement that had been made by one of the codefendants. Defendant averred that, "[m]y attorney stated to me that I was not entitled to the requests, only she was allowed to see the case and evidence. She also failed to notify the courts of the statement that was made." After defendant was frustrated in his attempts to gain personal access to the materials he requested, he then "attempted to go 'pro per' and I had notified my attorney I wanted to do so, but I was told if granted I would proceed to trial the next day." Defendant argued that he was "being discouraged to exercise my rights to do something." Although defendant thought he could win his case, his attorney "was being bias[ed] with all of my requests," and she "pressured me on signing[,] stating I will not be able to win my case[.] I should sign the deal its [*sic*] the best offer I can get." Defendant "asked numerous times for a dismissal[,] but [the attorney] refused." Defendant also claimed the sentence was incorrect, as he was sentenced to the upper term of 2-3-5 years, whereas he was "supposed to receive 16-2-3."

Included with his notice of appeal, defendant also filed a request to recall his sentence, based essentially on the same grounds as the notice of appeal: "I would like to take my plea back because I was not given my 'Discovery.' I also asked the court to

4

allow me to go pro per and was denied and told if I was to go pro per I would proceed to trial the next day, discouraging me from exercising my right to do something.  On my 2nd degree robbery charge I recieved [*sic*] 2-3-(5) but they were suppose[d] to give me 16-2-3."

ANALYSIS

Defendant appealed and filed a request to recall his sentence.  On his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a summary of the facts and a statement of the case, as well as identifying the issues or claims defendant raised in his notice of appeal and request to recall the sentence.  Counsel has also requested the court to undertake an independent review of the record.

Defendant has been offered the opportunity to file a personal supplemental brief, which he has not done.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the entire record, and have discovered no arguable issues.

Defendant failed to obtain a certificate of probable cause to proceed with an appeal on grounds challenging the validity of the plea.  None of the grounds he sets forth, other than his contention that the sentence was not proper, is therefore cognizable on appeal.  (Pen. Code, § 1237.5; *People v. Panizzon* (1996) 13 Cal.4th 68, 76.)

The failure or refusal of defendant's trial counsel to give him personal copies of any discovery, while she was counsel of record, does not present any ground to reverse the judgment. (*People v. Vidal* (1962) 209 Cal.App.2d 442, 449 [Counsel of record for a defendant has the right to control the proceedings on behalf of the client.].)

Defendant was not prevented from exercising his right to represent himself. Rather, he moved to represent himself on the very day originally set for trial, and was informed by the court that, if he wished to do so, he should expect to proceed to trial the next day. The trial court is not required to allow defendants to trifle with the courts by making last-minute (untimely) requests for self-representation as a means of delaying the proceedings. (See *People v. Powell* (2011) 194 Cal.App.4th 1268, 1277-1278.)

The proper sentencing range for second degree robbery is two, three or five years, set by statute. (Pen. Code, § 213, subd. (a)(2).) Defendant bargained for a specific sentence, and that is exactly what he received. He received several distinct benefits from the plea bargain, including dismissal of a serious prior felony conviction and other allegations, as well as other substantive offenses. (*People v. Vargas* (1993) 13 Cal.App.4th 1653, 1662-1663, fn. 6 [Fourth Dist., Div. Two] [Defendants who have received the benefits of their bargain should not be allowed to "trifle with the courts" by trying for a better bargain on appeal.].)

There is no merit to defendant's claims.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
                                              Acting P. J.

We concur:

RICHLI _____
                    J.

CODRINGTON _____
                    J.