Filed 3/19/26  P. v. Lopez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085550 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE417968) |
| ANTONIO MARTINEZ LOPEZ, | ORDER MODIFYING OPINION AND DENYING REHEARING |
| Defendant and Appellant. | NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed on February 26, 2026, be modified as follows:

1. On page 8, in the first paragraph, after the second to the last sentence ending in " 'choose from among a range of permissible sentences within the maximum.' "  After the word " 'maximum,' " add as footnote 5 the following footnote, which will require renumbering of all subsequent footnotes:

> 5      The People's estoppel argument does not change our analysis or conclusion.  A defendant who enters into a plea

agreement "for a *specified* sentence" is "estopped from complaining of [the] sentence[ ] to which [he] agreed." (*People v. Hester* (2000) 22 Cal.4th 290, 295, 293 [challenging sentence resulting from plea agreement stipulating to a specified term of years]; *Buttram, supra*, 30 Cal.4th at pp. 790–791.) Lopez did not agree to a sentence for a specified term of years, as we have just explained. Rather, he agreed to a sentencing range that left to the trial court's discretion the appropriate term to be imposed from within that range based on permissible factors. And although the court and the parties are bound by the terms of a negotiated plea agreement (*People v. Segura* (2008) 44 Cal.4th 921, 930), as we explain next, Lopez did not stipulate to each of the aggravating factors the trial court relied on in imposing the upper term sentence here. In challenging his upper term sentence that the trial court imposed, in part, based on a factor that was not included within the terms of his plea agreement, Lopez is not attempting to be let out of the terms to which he agreed.

There is no change in judgment.

The petition for rehearing is denied.


O'ROURKE, Acting P. J.

Copies to: All parties

2

Filed 2/26/26  P. v. Lopez CA4/1 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085550 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE417968) |
| ANTONIO MARTINEZ LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Reversed and remanded with instructions.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Daniel Rogers, Paige B. Hazard, Alana C. Butler and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Antonio Martinez Lopez pled guilty to two counts of child molestation for acts he committed against his adopted daughter. In exchange for Lopez's plea, the People dismissed nine other counts and the parties stipulated to a sentence between the range of five and 13 years in prison. On appeal, Lopez contends the trial court prejudicially erred by imposing the upper term sentence of 13 years based on aggravating factors that he did not stipulate to and were not found true beyond a reasonable doubt at trial. We agree and reverse the judgment and remand for resentencing.

## BACKGROUND

Based on acts Lopez committed against his adopted daughter between June 2016 and June 2022, he was charged by complaint with five counts of committing a lewd act on a child under Penal Code[1] section 288, subdivision (a); one count of forcible lewd act on a child under section 288, subdivision (b)(1); three counts of forcible rape under section 261, subdivision (a)(2); and two counts of lewd act on a child 14 or 15 years of age under section 288, subdivision (c)(1). The complaint further alleged three aggravating factors for purposes of sentencing pursuant to California Rules of Court, rule 4.421: (1) "the offense involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness"; (2) Lopez "took advantage of a position of trust and confidence to commit the crime"; and (3) the victim "was particularly vulnerable."

In July 2024, Lopez pled guilty to one count of forcible lewd act on a child under section 288, subdivision (b)(1), and one count of lewd act on a

---

[1] Further unspecified statutory references are to the Penal Code.

child 14 or 15 years of age under section 288, subdivision (c)(1). In exchange, the People dismissed the remaining nine counts charged in the complaint. The parties stipulated that Lopez would be sentenced to a prison term of between five and 13 years. Pursuant to the plea agreement, Lopez waived his right to appeal "any sentence stipulated" in the agreement, and entered a *Harvey*[2] waiver, by which he agreed "[t]he sentencing judge may consider [Lopez's] prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges, enhancements, allegations, or cases when . . . imposing sentence."

As a factual basis for his plea, Lopez admitted the following:

> "I had sexual intercourse with a minor under 14 years of age by means of force, violence, duress, menace or fear of immediate bodily injury on said person and willfully and unlawfully committed a lewd act upon and with a child under the age of 14 with the intent of arousing and appealing to the lust, passions and sexual desires of the victim and myself by use of force, violence, duress, menace, or fear of unlawful bodily injury on the victim."

> "On or about and between June 20, 2020, and June 19, 2021, I did willfully, unlawfully and lewdly commit a lewd and lascivious act upon and with the body and parts and members thereof, of [the victim], a child fourteen or fifteen years of age, the defendant being at least 10 years older than the child, with the intent of arousing, appealing to and gratifying the lust[,] passions or sexual desires of myself and the said child."

In addition, in a statement of mitigation filed before Lopez's sentencing hearing, he stated he was "submit[ting] on the facts as developed in the probation report."

---

[2]     *People v. Harvey* (1979) 25 Cal.3d 754.

At sentencing, Lopez's defense counsel referenced a finding in the probation report that an upper term sentence could not be imposed because the aggravating factors had not been sufficiently proven or admitted by Lopez. Counsel stated his agreement that Lopez had not admitted any aggravating factors through his plea and, thus, the maximum sentence the court could impose was eight years and eight months.

In imposing sentence, the trial court stated its belief that it could impose an aggravated term based on Lopez's stipulation in the plea agreement to a sentence up to the maximum of 13 years. Nevertheless, it weighed the mitigating and aggravating factors. Specifically, it found three applicable mitigating factors: (1) Lopez voluntarily acknowledged wrongdoing at an early stage by pleading guilty; (2) members of the community and his family offered support; and (3) he is elderly and in poor health. It further found five applicable aggravating factors: (1) Lopez took advantage of a position of trust; (2) he engaged in violent conduct; (3) his criminal record shows a pattern of "increasing seriousness"; (4) his conduct "has had a lifelong negative psychological and emotional effect on the victim"; and (5) he had failed to accept responsibility for his actions or show remorse. The court then found the aggravating factors outweighed the mitigating factors and imposed the maximum upper term sentence of 13 years in prison.

DISCUSSION

I.

*Waiver of Right to Appeal*

First, the People argue Lopez's appeal must be dismissed because he waived his right to appeal from any sentence imposed under the terms of the plea agreement. We are not persuaded.[3]

"As this court has previously observed, a defendant may waive the right to appeal as part of a plea bargain where the waiver is knowing, intelligent and voluntary. A broad or general waiver of appeal rights ordinarily includes error occurring before but not after the waiver because the defendant could not knowingly and intelligently waive the right to appeal any unforeseen or unknown future error. Thus, a waiver of appeal rights does not apply to possible future error[, including sentencing error,] that is

---

[3] The People filed a motion to dismiss this appeal on this same ground, raising arguments that essentially overlap the arguments in this appeal. We find the arguments the People have raised in the motion to dismiss unpersuasive for the same reasons we shall discuss as to their argument in this appeal. Thus, the motion to dismiss is denied.

We note that Lopez obtained a certificate of probable cause based on claims other than the one he has presented here. In the motion to dismiss, the People do not argue Lopez's appeal must be dismissed because he failed to obtain a certificate of probable cause as to the claim he now presents on appeal. To the extent the People address the issue of a certificate of probable cause at all, they argue in the motion to dismiss that the issuance of a certificate of probable cause on a different issue does not relieve Lopez from his waiver of his right to appeal on the claim at issue here. Although the failure to obtain a certificate of probable cause generally bars an appeal following a guilty plea (§ 1237.5), a certificate of probable cause is not required to raise on appeal a claim, such as the one Lopez presents here, "regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Buttram* (2003) 30 Cal.4th 773, 780, 790–791 (*Buttram*).)

outside the defendant's contemplation and knowledge at the time the waiver is made." (*People v. Patton* (2019) 41 Cal.App.5th 934, 940–941 (*Patton*) [cleaned up].)

" 'Waiver is ordinarily a question of fact.' " (*People v. Vargas* (1993) 13 Cal.App.4th 1653, 1661.) "The burden is on the party claiming the existence of the waiver to prove it by evidence that does not leave the matter to speculation, and doubtful cases will be resolved against a waiver. The right of appeal should not be considered waived or abandoned except where the record clearly establishes it." (*Id.* at p. 1662 [cleaned up].)

There is no dispute that when Lopez entered his plea he gave up his right to appeal "any sentence stipulated [in the plea agreement]." Such a waiver may preclude an appellate challenge to the trial court's imposition of a specific prison term that was stipulated in the plea agreement. (*People v. Panizzon* (1996) 13 Cal.4th 68, 72–73, 85–86 (*Panizzon*).) What we must determine here, however, is whether the scope of such a waiver also includes a challenge to a trial court's choice of a sentencing term from a stipulated range.

The opinion of the California Supreme Court in *Buttram, supra*, 30 Cal.4th 773 is instructive. In *Buttram*, the court considered a plea agreement that contemplated an unspecified sentence not to exceed an indicated maximum prison term. (*Id.* at p. 777.) Although Buttram's plea agreement did not include an express waiver of his right to appeal, the court considered whether his guilty plea precluded his appellate challenge to the trial court's exercise of discretion in imposing the maximum sentence. (*Id.* at pp. 777–780.) In considering this issue, the court distinguished Buttram's case from cases involving plea agreements stipulating to a "specified sentence," and found persuasive the argument "that a negotiated plea term which provides

6

for a maximum sentence, rather than a specified sentence, necessarily contemplates further adversary proceedings, . . . in which the court must exercise its discretion to determine the appropriate sentence within the constraints of the bargain." (*Id.* at pp. 782, 785.) The court further reasoned that, "[w]hen the parties negotiate a *maximum* sentence, they obviously mean something different than if they had bargained for a *specific* or *recommended* sentence. By agreeing only to a maximum sentence, the parties leave unresolved between themselves the appropriate sentence within the maximum." (*Id.* at p. 785.) Finally, in determining Buttram's appeal challenging the imposition of the maximum sentence was not precluded by his guilty plea, the court reasoned that an agreement for something other than a specified sentencing term, "by its nature, contemplates that the court will choose from among a range of permissible sentences within the maximum, and that abuses of this discretionary sentencing authority will be reviewable on appeal, as they would otherwise be."[4] (*Id.* at pp. 790–791.)

---

[4] We recognize that, in his concurrence to the majority opinion Justice Baxter authored himself in *Buttram*, he opines the result on the waiver issue would be different where a defendant expressly waives his right to appeal through the terms of his plea agreement. (*Buttram, supra*, 30 Cal.4th at pp. 791–794 (conc. opn. of Baxter, J.).) Justice Baxter cited to the majority opinion he also authored in *Panizzon* as an example of such a waiver. (*Id.* at pp. 791–792.) But, as Justice Baxter recognized in *Buttram*, *Panizzon* considered a plea agreement that "included a specific sentence," not the type of sentencing range at issue here. (*Buttram,* at p. 792 (conc. opn. by Baxter, J.).) And, in his majority opinion in *Panizzon*, Justice Baxter recognized as distinguishable a scenario where the defendant's plea agreement contemplated a stipulated sentencing range and included a waiver of his right to appeal, and the defendant then sought to present an appellate claim challenging the length of his sentence on the ground that the trial court relied on an impermissible factor at sentencing. (*Panizzon, supra*, 13 Cal.4th at p. 87, citing *U.S. v. Jacobson* (2d Cir. 1994) 15 F.3d 19.)

7

Here, Lopez stipulated to a sentencing range that set both the minimum and the maximum sentence but did not specify the exact sentence to be imposed.  Nothing in the plea agreement dictates the terms by which the trial court would determine what sentence to impose from within the stipulated range.  And nothing in the plea agreement stipulates that the trial court, in making its sentencing decision, would not be bound by section 1170, subdivision (b), or the Sixth Amendment to the United States Constitution, which limit the ability of a trial court to impose an upper term sentence absent sufficient proof of aggravating factors.  (§ 1170, subd. (b)(1) & (2); *Cunningham v. California* (2007) 549 U.S. 270, 281 (*Cunningham*) ["under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence"].)  Thus, Lopez's stipulation to a sentencing range is akin to the stipulation to a maximum sentence at issue in *Buttram*, as it left the trial court to "exercise its discretion to determine the appropriate sentence within the constraints of the bargain" and "choose from among a range of permissible sentences within the maximum." (*Buttram, supra*, 30 Cal.4th at pp. 785, 790–791.)  Any error in the trial court's exercise of this sentencing discretion is the type of future sentencing error that Lopez could not have anticipated at the time he entered his plea, and thus he did not waive his right to appeal based on such an alleged error by way of his plea.  (See *id.* at pp. 790–791; *Patton, supra*, 41 Cal.App.5th at pp. 940–941.)

## II.

### *Imposition of Upper Term Sentence*

Turning to the substance of Lopez's claim, he argues the trial court erred by imposing the upper term sentence because he did not stipulate to

the aggravating factors the court used to support its sentencing decision and those factors were not found true beyond a reasonable doubt at trial, as required by the Sixth and Fourteenth Amendments and section 1170, subdivision (b)(2).

A.    *Legal Standard*

Section 1170, subdivision (b), generally provides that a sentence may not exceed the middle term, except when it finds aggravating circumstances justify a higher sentence. (§ 1170, subd. (b)(1) & (2).) Both section 1170, subdivision (b), and the Sixth Amendment require that these aggravating factors be stipulated to by the defendant or found true beyond a reasonable doubt at a jury or court trial. (§ 1170, subd. (b)(2); *Cunningham, supra*, 549 U.S. at p. 281; *People v. Lynch* (2024) 16 Cal.5th 730, 759 (*Lynch*) ["An upper term sentence may be imposed 'only' when circumstances in aggravation 'justify' that term, and 'only' when the facts underlying 'those' justifying circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt at a jury or court trial."].) A court does not have discretion to impose an upper term sentence unless *all* the aggravating factors on which it relies have been sufficiently proven. (*People v. Wiley* (2025) 17 Cal.5th 1069, 1086 (*Wiley*).)

B.    *The Trial Court's Application of Aggravating Factors*

The People argue Lopez stipulated to the aggravating factors by submitting on the facts reflected in the probation report and by entering a *Harvey* waiver, which permitted the trial court to consider at sentencing the history and factual background of the case. According to the People, these stipulated facts proved the three aggravating factors alleged in the complaint originally filed against Lopez, that is (1) Lopez took advantage of a position of trust; (2) the victim was particularly vulnerable; and (3) the crime involved

great violence or bodily harm, threat of great bodily harm, or other acts exhibiting a high degree of cruelty, viciousness, or callousness. But the trial court imposed the upper term sentence based, in part, on other aggravating factors that were not alleged in the complaint. Specifically, the court imposed the upper term sentence based on its additional findings that: (1) Lopez's criminal record shows a pattern of "increasing seriousness"; (2) his conduct "has had a lifelong negative psychological and emotional effect on the victim"; and (3) he failed to accept responsibility for his actions or show remorse. As we will discuss, the record does not show Lopez stipulated to the fact that his prior convictions were of increasing seriousness.

C.    *Increasing Seriousness*

A determination that prior convictions are of increasing seriousness "requires a comparison and evaluation of the relationship among a defendant's prior convictions, and a determination as to their relative seriousness." (*Wiley, supra*, 17 Cal.5th at p. 1082.) Thus, it "involves something more than a narrow factual finding that the convictions were sustained and what elements were required to prove them" or " 'reference to the range of punishment provided by statute for each offense.' " (*Id.* at pp. 1082, 1084, 1085.)

The only evidence before the trial court regarding Lopez's prior criminal history was the probation report, which showed he was convicted in 1994 of the sale or transportation of counterfeit documents and in 2001 of driving under the influence, and for each conviction he received a sentence of probation. This is insufficient to prove that these convictions are of increasing seriousness. (*Wiley, supra*, 17 Cal.5th at pp. 1082, 1084–1085.) Absent a finding at trial or a stipulation by Lopez that his prior convictions reflected in the probation report are of increasing seriousness, the trial court

10

was not permitted to rely on this factor in imposing the upper term sentence. Neither was the error harmless, as neither of Lopez's prior convictions is "strikingly more serious than the other[ ], either by reference to the nature of the offense or the punishment" and "[a] jury considering this criminal history could have disagreed as to whether it demonstrated criminal conduct of increasing seriousness."  (*Id.* at p. 1089; see *id.* at pp. 1086–1090.)

III.

*Availability of Remand*

Lastly, the People argue that, because Lopez stipulated to the imposed sentence, he is not entitled to remand for consideration of the aggravating factors under section 1170, subdivision (b)(2).  In addition, the People contend that, in the event this court finds remand warranted, they should be afforded "an opportunity to present evidence to meet the requirements of section 1170, subdivision (b)(2) or to submit to resentencing based on the current record."

As the People recognize, the Courts of Appeal have split on the issue of whether a defendant, who stipulated to an upper term sentence pursuant to a plea agreement, is entitled to remand for consideration of the aggravating factors under section 1170, subdivision (b)(2), and the Supreme Court has granted review on this issue.  (Compare *People v. De La Rosa Burgara* (2023) 97 Cal.App.5th 1054, 1063, review granted Feb. 21, 2024, S283452 (*De La Rosa Burgara*) [defendant entitled to remand]; *People v. Todd* (2023) 88 Cal.App.5th 373, 381–382, review granted Apr. 26, 2023, S279154 [same]; and *People v. Fox* (2023) 90 Cal.App.5th 826, 831 [same] with *People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1057–1059, review granted Dec. 14, 2022, S277314 [defendant not entitled to remand]; *People v. Sallee* (2023) 88 Cal.App.5th 330, 340–341, review granted Apr. 26, 2023, S278690 [same]; and *People v. Kelly* (2022) 87 Cal.App.5th 1, 4, review granted Mar. 22, 2023,

11

S278503 [same].) But, as we have discussed, Lopez did not stipulate to a specified upper term sentence. Rather, he stipulated to a sentencing range, which included the possible imposition of the upper term. The People have not shown that the cases cited above apply under the circumstances of Lopez's case.

Even assuming the issue that has split the Courts of Appeal is applicable here, we are persuaded by the logic of the courts that have allowed defendants subject to stipulated sentences to seek the benefits of section 1170, subdivision (b)(2), including *De La Rosa Burgara*, *Todd*, and *Fox*.

Accordingly, we will reverse the judgment and remand the matter for resentencing in compliance with the Sixth Amendment and section 1170, subdivision (b).

To guide the parties, we detail the possible scenarios that might arise on remand.[5] (See *De La Rosa Burgara*, *supra*, 97 Cal.App.5th at pp. 1064–1065, review granted.)

Lopez may waive his rights under the Sixth Amendment and section 1170, subdivision (b), in which case the trial court shall reinstate his original sentence. If, however, Lopez invokes these rights, he must state whether he stipulates to the facts underlying any aggravating factors justifying the imposition of the upper term sentences as to each count to which he pled guilty, or whether he desires a jury or bench trial on any applicable

---

[5] Nothing we state herein precludes Lopez and the People from jointly moving to withdraw from the plea agreement, vacate the conviction, and return them to the status quo ante. (*De La Rosa Burgara, supra*, 97 Cal.App.5th at p. 1064, fn. 14, review granted.) In addition, at any resentencing hearing, "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

12

aggravating factors.  (§ 1170, subd. (b)(2); *Cunningham, supra*, 549 U.S. at p. 281; *Lynch, supra*, 16 Cal.5th at pp. 759–760.)

If Lopez stipulates to the facts underlying an aggravating circumstance justifying the upper-term sentence, the trial court shall find that the upper term may be imposed based on that aggravating factor.

If Lopez invokes his right to trial, the People will have the burden of proving beyond a reasonable doubt the truth of any alleged aggravating factor justifying the imposition of the upper term.  (§ 1170, subd. (b)(2).)  If the factfinder finds an aggravating factor true, the court may reinstate the original sentence.

If the People fail to prove the truth of an aggravating factor, the trial court shall find that the sentence under the plea agreement cannot exceed the middle term.

## DISPOSITION

The judgment is reversed, and the matter is remanded for further proceedings consistent with this opinion. On remand, Lopez shall be resentenced in compliance with the Sixth Amendment and section 1170, subdivision (b). After resentencing, the court shall forward an amended abstract of judgment to the Department of Corrections and Rehabilitation.


DO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

BUCHANAN, J.

14